In the Matter of BARRY A. WITCHELL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 12, 1983

### APPEARANCES OF COUNSEL

*Joseph Rosenberg* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Richard H. Bliss* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

This disciplinary proceeding was brought pursuant to section 90 of the Judiciary Law and 22 NYCRR 603.4 (d) on charges that respondent neglected and failed to prosecute a personal injury action in violation of DR 6-101(A)(3) of the Code of Professional Responsibility. Petitioner, Departmental Disciplinary Committee, moves to confirm the findings and opinion of the hearing panel which, following a hearing, sustained the charge and recommended that respondent be censured.

Respondent was admitted to practice in this department on November 16, 1956 and has maintained an office for the practice of law within this department. On March 10, 1962, respondent was retained by Mary Drayton, also known as Mary Colona, to represent her infant son, Michael, in connection with a claim for personal injuries sustained November 2, 1961, when Michael, then age eight, was struck by a bus. The record clearly reflects that, following

his retention, respondent neglected the case by failing to prosecute any action on behalf of the child. Although there is some dispute with regard to the precise manner by which the accident occurred and the severity of the injury, there is no question but that the attorney neglected his responsibility to his clients to faithfully prosecute the matter. Respondent was unable to offer any explanation for his dereliction in duty other than the claim that his file was possibly mislaid during a relocation of his office. However, he made no attempt to reconstruct the file, nor to ascertain from court records the status of the case or whether an action had actually been instituted. It further appears that he failed to apprise his clients of the status of the case and maintained no real communication with them, reportedly advising them that the matter was proceeding and that he was working on the case.

There is no question on this record but that respondent neglected a matter which had been entrusted to him in failing to prosecute the personal injury claim on behalf of the infant. Respondent has also been the subject of seven prior admonitions, some involving charges of neglect. In mitigation, however, we take cognizance of the fact that, prior to this complaint no complaints were registered for a period of approximately eight years. Also, it appears that respondent has restricted his practice to the servicing of but a few clients. He advisably does not retain matters involving litigation. By this self-imposed restriction, respondent has taken an affirmative step to alter the nature of his practice and avoid in the future placing himself in the type of situation which led to the within complaint. It is clear that to some extent, respondent's neglect resulted from his inability to deal effectively with clients and his inexperience as a litigator.

Accordingly, the findings of fact and conclusions of law of petitioner's hearing panel should be confirmed and respondent should be censured.

KUPFERMAN, J. P., SANDLER, SULLIVAN, BLOOM and KASSAL, JJ., concur.

Petition granted, the findings of fact and conclusions of law confirmed, and respondent censured.