In the Matter of JEFFREY MARK RICHMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 1984

### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Robert M. Kronenberg* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee, moves to confirm the findings and opinion of the hearing panel which, following a hearing, issued a reprimand and recommended that respondent should be censured for neglect in failing to prosecute matters entrusted to him and in failing to cooperate with the Committee in its official investigation of the several complaints of professional misconduct.

Respondent was admitted to practice in the Second Department on February 23, 1972 and has maintained an office for the practice of law within this department. The disciplinary proceeding was brought pursuant to section 90 of the Judiciary Law and 22 NYCRR 603.4 (d) on charges that respondent had neglected and failed to prosecute certain specific cases and a number of matters which had been referred to him by a law firm. Following the hearing, during which certain charges had been withdrawn, the

hearing panel dismissed some of the charges and found respondent guilty of professional misconduct in failing to prosecute a significant number of cases and in failing to cooperate with the Committee in its investigation. The record also supports the finding that respondent failed to maintain appropriate contact with his clients and with the referring law firm and did not advise them as to the status of pending cases.

On review of the record, we confirm the conclusions reached by the hearing panel. The record reflects a pattern of neglect, a failure to communicate with clients and a failure to cooperate with the Committee in its investigation sufficient to justify a more severe sanction than that recommended to us. In mitigation, we take into consideration the fact that respondent, a sole practitioner, has had an umblemished record over the 12-year period since his admission to the Bar. In addition, the hearing panel did take into account respondent's personal problems, including the breakup of his marriage and the personal problems associated with his brother. The panel further found that there was no apparent venality in respondent's conduct and no financial loss resulted to any of the clients as a result of his neglect and delay. However, under the circumstances, involving several instances of neglect, noncommunication and his failure to cooperate over an extensive period, the letter of reprimand is an insufficient sanction. The neglect and failure to pursue or obtain disposition of a significant number of matters, the failure to maintain contact with clients and respondent's lack of cooperation in connection with the investigation by the Committee would warrant a stronger penalty in the absence of the mitigating factors.

Accordingly, the findings of fact and conclusions of law of petitioner's hearing panel should be confirmed and respondent should be censured.

SANDLER, J. P., SULLIVAN, ASCH, BLOOM AND KASSAL, JJ., concur.

Petition granted to the extent of confirming the findings of fact and conclusions of law of petitioner's hearing panel and censuring respondent.