In the Matter of HERMAN CHASIN (Admitted as HERMAN S. CHASIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 1, 1992

### APPEARANCES OF COUNSEL

*Naomi Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Nicholas Cooper* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Herman Chasin was admitted to practice as an attorney and counselor-at-law in the State of New York by the

Appellate Division of the Supreme Court, Second Judicial Department, on March 29, 1961.

On January 23, 1992, respondent was served with charges alleging that he had violated Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]) by neglecting three personal injury cases for extensive periods of time. Respondent, appearing *pro se,* submitted an answer that neither admitted nor denied the charges but simply offered a status report on the cases in question. Subsequently, he retained counsel and filed an amended answer conceding the material allegations against him. A Hearing Panel was convened on April 14, 1992, and the allegation that respondent had contravened DR 6-101 (A) (3) in three separate cases were unanimously sustained. The Panel was then advised that two letters of admonition for the neglect of personal injury cases had been issued to respondent in the past.

It should be noted that in mitigation of his misconduct, respondent, who is 72 years of age, claims that he has suffered from depression since 1982 and has recently begun consulting a psychiatrist who prescribed antidepressant pills. He also asserts that he had not taken a regular vacation in 10 years and that his father's death in 1991 left him unable to come to the office for 20 days. While admitting his neglect of the three subject cases, he states that these matters are of dubious merit and that, in any event, his clients have not sustained any loss since the cases remain viable. The Hearing Panel, however, in its report sustaining the charges of neglect, observed in part that: "To Respondent's credit, he has admitted his professional misconduct. While it appears that each of the three neglected matters which form the basis for the charges were of questionable liability, Respondent has basically three choices: (1) decline at the outset to undertake the representations; (2) once the representations were accepted, seek permission to withdraw; or (3) diligently pursue the representations. He was not free to continue as lawyer for these clients and neglect their matters."

Petitioner Departmental Disciplinary Committee now seeks an order confirming the report of the Hearing Panel and imposing a sanction of suspension for a period of three months. Respondent cross-moves to disaffirm the report to the extent that it recommends suspension, urging that censure is the more appropriate penalty in view of the substantial mitigating circumstances. However, an attorney with a previous disciplinary record, such as that of respondent, who has

seriously neglected one or more legal matters is generally assessed a sanction of suspension *(see, Matter of Lampert,* 142 AD2d 66; *Matter of Kovitz,* 118 AD2d 285; *Matter of Forman,* 117 AD2d 71; *Matter of Gruder,* 109 AD2d 242).

As for the mitigating factors offered by respondent, the fact that a legal matter may not appear to be particularly meritorious does not justify its neglect; once an attorney accepts a representation, then he or she is obliged to prosecute the case with due diligence. Moreover, respondent did not present any expert testimony to corroborate his purported long-standing depression or to demonstrate a connection between the misconduct and his supposed emotional problems. Yet, notwithstanding the deficiencies in respondent's proof and accepting as true his contention of psychological disability, the nature of the misconduct involved herein (that is, the egregious neglect of three matters entrusted to him), occurring despite two prior admonitions for the neglect of other cases, warrants a suspension. In that regard, the cases cited by respondent *(Matter of Richman,* 102 AD2d 403; *Matter of Witchell,* 93 AD2d 133) are distinguishable from the instant situation.

Accordingly, petitioner's motion to confirm the Hearing Panel's report is granted, respondent's cross motion denied, and respondent is hereby suspended for three months, effective immediately, and until further order of this Court.

MURPHY, P. J., MILONAS, ROSENBERGER, KASSAL and RUBIN, JJ., concur.

Petition to confirm the Hearing Panel's report is granted, respondent's cross motion is denied, and respondent is suspended for a period of three months, effective immediately, and until the further order of this Court.