[625 NYS2d 165]

In the Matter of SUSAN M. ERDA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 13, 1995

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Judith Bader-York* for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was admitted to the practice of law in the State of New York by the Third Judicial Department on March 17, 1980. At all times relevant herein, she has maintained an office for the practice of law within the First Judicial Department.

Respondent had been retained by the widow of a Florida resident who owned undeveloped real estate in New York to handle a number of matters, including the ancillary probate of the will in New York; the preparation and filing of a New York State Non-Resident Estate Tax Form (TT-141A); and the preparation of a Surrogate's Court Inventory of Estate Assets. Although she did file a petition for ancillary probate, for over two years she failed to file the TT-141A, and she misrepresented the status of the case to both her client and the Disciplinary Committee (DDC).

The respondent was also retained to complete the processing of two medical claims seeking approximately $925 in reimbursement on an unrelated estate, which she failed to complete for over two and one-half years. It was not until her client warned her that he was planning to file a complaint with the DDC that the respondent contacted him, and although she then assured him that she would follow up with the insurance company about the status of the claims, and later made the same promise at a deposition before the DDC, she failed to do so. The respondent did not complete this matter until after the DDC moved to confirm the Hearing Panel's report.

The respondent also failed to prepare an informal accounting for a third client, with whom she also neglected to maintain appropriate contact. Later, she failed to respond to a complaint regarding this incident filed with the DDC.

In response to complaints by these three clients, the DDC served the respondent with a notice and statement of charges on August 19, 1992, alleging, *inter alia,* that she had violated Code of Professional Responsibility DR 1-102 (A) (4) and (5) (22 NYCRR 1200.3) and DR 6-101 (A) (3) (22 NYCRR 1200.30), by neglecting and misrepresenting the status of three legal matters, and by failing to cooperate with the Disciplinary Committee in its investigation of subsequent complaints. In her an-

swer, the respondent admitted most of the factual allegations concerning her neglect, but denied misrepresenting the status of the cases to her clients and to the Committee. The respondent further claimed that her actions were not intentional and that she was suffering from major depression at the time of the events which gave rise to the petition.

A hearing was held on January 13, 1993 and February 10, 1993, at which, in mitigation of her misconduct, the respondent introduced psychiatric testimony that she had been suffering major depression which, undiagnosed, and untreated during the period relevant to the charges raised in the petition, had hindered her ability to function properly. Her psychiatrist also testified that the respondent's depression was treatable with medication, which he had prescribed. In further mitigation, the respondent testified concerning substantial volunteer activities. In aggravation, staff counsel advised the Hearing Panel that on August 10, 1990, respondent was issued two admonitions by the Committee for neglect of estate matters.

On March 23, 1994, the Hearing Panel determined that the respondent had neglected three estate matters, in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30), that she had misrepresented the status of these cases, in violation of DR 1-102 (A) (4) (22 NYCRR 1200.3), and that she engaged in conduct prejudicial to the administration of justice, by failing to cooperate with the Committee, in violation of DR 1-102 (A) (5) (22 NYCRR 1200.3). By petition dated October 3, 1994, the Committee now seeks an order confirming the Hearing Panel's recommendation of public censure pursuant to 22 NYCRR 603.4 (d). The respondent joins in the Committee's request to confirm the Hearing Panel's report and impose the recommended sanction.

The evidence presented to the Hearing Panel supports their findings and conclusions. Respondent has been the subject of two prior admonitions, both involving charges of neglect. In mitigation of her misconduct, however, we take cognizance of the respondent's psychological condition during the relevant period, and her efforts to seek treatment, and to hire additional personnel to avoid placing her in jeopardy of repeating the conduct which precipitated this proceeding. We therefore conclude that a public censure is warranted (*Matter of Witchell*, 93 AD2d 133; *see also, Matter of Kraft*, 148 AD2d 149; *Matter of Richman*, 102 AD2d 403).

Accordingly, the petition of the DDC to confirm the Hearing Panel's report is granted and the respondent is to be publicly censured.

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ROSS and WILLIAMS, JJ., concur.

Petition granted and respondent publicly censured.