[636 NYS2d 623]

In the Matter of JEFFREY MARK RICHMAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 18, 1995

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

*Gentile & Benjamin,* New York City *(Howard Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this Court on February 23, 1972. The petition contains two charges of professional misconduct against the respondent. The Special Referee sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent has submitted an affidavit in response in which he requests that the Court limit any sanction to "time served" based upon the findings of the Special Referee.

Charge One alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3). By letter dated March 26, 1993, the respondent was advised that the Grievance Committee had received a complaint from Arthur LoCasio alleging professional misconduct by the respondent. The letter requested that respondent submit a written answer to the allegations within 10 days. The respondent failed to submit an answer. By letter dated June 3, 1993, the Grievance Committee directed the respondent to submit a written answer to the LoCasio complaint within 10 days. The respondent again failed to submit a written answer.

By letter dated June 25, 1993, the respondent was advised that the petitioner had received a complaint from Steven Baronti, Esq., alleging professional misconduct by the respondent. The letter requested that the respondent submit a written answer to the allegations within 10 days. The respondent failed to submit a written answer. By letter dated July 22, 1993, the Grievance Committee directed the respondent to submit a written answer to the Baronti complaint within 10 days. The respondent failed to submit a written answer.

By letter dated August 30, 1993, the Grievance Committee advised the respondent that it had initiated a *sua sponte* investigation based upon his failure to cooperate. The letter requested that the respondent submit written answers to the allegations of each of the pending matters within 10 days. The respondent failed to submit written answers.

By letter dated March 4, 1994, the Grievance Committee directed the respondent to submit written answers to each of the pending matters within 10 days. The respondent again failed to submit written answers.

By letter dated March 24, 1994, the petitioner again directed the respondent to submit written answers to each of the pending matters within 10 days. Written answers from the respondent were received by petitioner on or about May 6, 1994.

By letter dated July 8, 1994, the Grievance Committee requested that the respondent arrange for the scheduling of an investigative appearance at the Grievance Committee's office within 10 days. The respondent failed to contact the Grievance Committee.

By letter dated October 6, 1994, the Grievance Committee directed the respondent to arrange for his investigative appearance within 10 days. The respondent again failed to contact the Grievance Committee.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, based on the aforesaid conduct, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3).

Based on the evidence adduced, including the respondent's admissions, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report should be granted.

In determining an appropriate measure of discipline to impose, we have considered the mitigating factors advanced by the respondent, including his assertions that he has been forthright and candid with the Grievance Committee during the sworn question-and-answer session and that he has fully complied with this Court's interim suspension order. The respondent nevertheless, has an extensive disciplinary history. He was publicly censured by the First Department in 1984 upon a finding that he "neglect[ed] and fail[ed] to pursue or obtain disposition of a significant number of matters [entrusted to him], fail[ed] to maintain contact with clients[,] and * * * [failed to] cooperat[e] in * * * the investigation" of complaints of professional misconduct (Matter of Richman, 102 AD2d 403, 404). On September 18, 1990, the petitioner issued an Admonition to the respondent for failing to maintain contact with a client and for failing to cooperate with the Grievance Committee's investigation. Additionally, the petitioner issued a Letter of Caution in June 1994 for failure to cooperate.

Under the totality of circumstances, the respondent is suspended from the practice of law for an additional year commencing immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and HART, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey Mark Richman, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jeffrey Mark Richman, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.