[662 NYS2d 508]

In the Matter of ALLEN J. HERSHBERG (Admitted as ALLEN JAY HERSHBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 7, 1997

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Allen J. Hershberg,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent Allen J. Hershberg was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1958, as Allen Jay Hershberg. At all times relevant to this proceeding he has maintained an office for the practice of law within the First Judicial Department.

By motion dated June 18, 1997, the Departmental Disciplinary Committee (DDC) seeks an order confirming the Hearing Panel's fact finding and conclusions of law, that respondent violated Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) and DR 6-101 (A) (3) (22 NYCRR 1200.3, 1200.30), in that he neglected two legal matters and misrepresented to two clients the status of their cases. DDC seeks as a sanction the respondent's suspension for a period of six months.

The Hearing Panel conducted hearings on November 28, 1995 and December 13, 1995, and issued a report dated March 31, 1997, sustaining four of the six charges.

With respect to Charges Three and Four, the Hearing Panel found that a client had paid respondent $1,500 in connection with the client's recovery of the purchase price of a business and realty from a putative owner who had not had good title. After respondent partially recovered the proceeds and extracted an agreement from the seller to pay the remainder in installments, the client rejected the proposed settlement and demanded full payment. As a fee for commencement of litigation, he paid respondent an additional $1,000. Respondent, despite assurances and requests for additional time, did not thereafter actively pursue the matter. Despite having failed to commence a civil proceeding, he represented to his client that the matter was pending before a Judge, a misrepresentation of the status of a case that was alleged under Charge Three.

Charge Four arose from the same circumstances, that, by failing either to pursue litigation or, alternatively, to withdraw from representation of the client, he had neglected a legal matter.

With respect to Charge Five, the Hearing Panel found that respondent, over a four- year period, had led a different client to believe that he would prosecute her appeal of an unfavorable employment arbitration award, which appeal was never filed. Although the Hearing Panel found factual ambiguities, it concluded that, in essential part, the client was not fabricating the claim, and that respondent had neglected a legal matter entrusted to his care.

In sustaining Charge Six, the Hearing Panel found that these matters adversely reflected on respondent's fitness to practice law in violation of DR 1-102 (A) (7) (now [8]). The Hearing Panel found that respondent had been "casual with the truth" during disciplinary proceedings, during which additional misrepresentations had been made. Whether arising from deliberate falsity or an unwillingness to verify the accuracy of his statements, such additional misstatements nevertheless reflected his indifference to his clients' welfare. The Hearing Panel considered as mitigation that the clients had not been economically harmed as a consequence of the neglect, that respondent had not acted with malice or an improper financial motive, and that respondent had a previously untarnished disciplinary record.

The sanction of suspension is an appropriate sanction for neglect of legal matters (*Matter of Chasin*, 183 AD2d 366), especially when counsel has engaged in additional misconduct, including additional misrepresentations, despite a previously untarnished disciplinary record (*Matter of Scharf*, 213 AD2d 119), and it is appropriate in the current matter. We find no basis to disturb the Hearing Panel's fact finding and conclusions of law, which we confirm herewith.

Accordingly, DDC's application is granted, and respondent is suspended from the practice of law for a period of six months.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and COLABELLA, JJ., concur.

Petition granted, and respondent suspended from the practice of law in the State of New York for a period of six months, effective November 7, 1997, and until the further order of this Court.