[679 NYS2d 8]

In the Matter of ALLEN J. HERSHBERG (Admitted as ALLEN JAY HERSHBERG), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 13, 1998

## APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Allen J. Hershberg was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1958, as Allen Jay Hershberg, and at all times relevant to this proceeding has maintained an office for the practice of law within the First Judicial Department.

In 1995, respondent was charged by the Departmental Disciplinary Committee (DDC) with violation of Code of Professional Responsibility DR 1-102 (A) (4) and (7) (now [8]) and DR 6-101 (A) (3) (22 NYCRR 1200.3, 1200.30) arising out of the neglect of two legal matters and his misrepresentations to those clients concerning the status of those cases. After hearings conducted on November 28 and December 13, 1995, the Hearing Panel, on March 31, 1997, issued a report sustaining four out of six charges and recommending suspension from practice for a six-month period. We thereafter confirmed the Hearing Panel's report (235 AD2d 1) on October 7, 1997.

While that motion was pending, though, DDC filed additional charges relating to other misconduct and served upon respondent a statement of charges on or about September 18, 1997. This statement of charges alleged respondent's neglect of two additional legal matters, and misrepresentations to those clients or their representatives that actions had been brought and that in one case the action was being settled, when, in fact, no action had been commenced.

More specifically, in the "Fuller" matter, in which a client entrusted respondent to pursue a personal injury action on behalf of his elderly mother, respondent failed to commence the action during the three-year limitations period, then, over

the course of 10 years, repeatedly lied to the client, stating that he had attended court conferences, that court dates had been scheduled, and that a settlement had been negotiated. On this basis, the Hearing Panel found that respondent had neglected a matter entrusted to him by a client (DR 6-101 [A] [3] [charge one]), had intentionally prejudiced a client during the course of the professional relationship (DR 7-101 [A] [3] [22 NYCRR 1200.32] [charge two]), and had engaged in conduct involving dishonesty, fraud, deceit or misrepresentation (DR 1-102 [A] [4] [charge three]). Respondent also initially misstated to DDC that he had never represented Mr. Fuller's mother, on which basis the Hearing Panel found that respondent had engaged in conduct prejudicial to the administration of justice (DR 1-102 [A] [5] [charge four]).

In the "Maurice" matter, the Hearing Panel found that for 10 years respondent failed to pursue a foreclosure action for which he was retained (DR 6-101 [A] [3] [charge five]) and lied to the client and her daughters about the progress of the action (DR 1-102 [A] [4] [charge six]). The Hearing Panel, on these facts, also concluded that respondent had engaged in conduct adversely reflecting on his fitness to practice law (DR 1-102 [A] [8]).

Finding that for an extended period, respondent had regularly and steadily betrayed his professional responsibilities and lied to his clients, the Hearing Panel concluded that the only reasonable course to protect the public was a lengthy suspension (*Matter of Ripps*, 228 AD2d 129; *Matter of Fanta*, 225 AD2d 69), and recommends a three-year suspension. In view of the repeated instances of professional misconduct, leading to prior disciplinary action, as well as respondent's deceptive response to one of the complaints submitted to DDC, and the fact that respondent's multiple acts of neglect often were compounded by deception to clients, we grant the motion to confirm the Hearing Panel's report, and suspend respondent for a three-year period in addition to the original six-month suspension.

SULLIVAN, J. P., NARDELLI, WILLIAMS, TOM and MAZZARELLI, JJ., concur.

Motion to confirm the Hearing Panel's report granted, and respondent suspended for a period of three years, effective October 13, 1998, in addition to the original six-month suspension, and until the further order of this Court.