[679 NYS2d 134]

In the Matter of HOWARD A. JAFFE (Admitted as HOWARD ARTHUR JAFFE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 27, 1998

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Howard A. Jaffe was admitted to the practice of law in the State of New York by the First Judicial Department

on December 12, 1966, as Howard Arthur Jaffe. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

On or about March 4, 1997, respondent was served with a Notice and Statement of Charges alleging that he had neglected a dental malpractice matter, handled the case without adequate preparation and misrepresented the status of the case to his clients Jose and Louisa Ortiz, in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) and DR 6-101 (A) (3) (22 NYCRR 1200.3, 1200.30). Despite her complaints about respondent, however, Mrs. Ortiz wanted him to continue representing her, so the Committee adjourned respondent's disciplinary hearing until October 1997.

On December 12, 1997, the Committee served respondent with an Amended Statement of Charges alleging that he had neglected a medical malpractice matter and failed to keep his client, Maria Negron, apprised on the status of the case, in violation of DR 1-102 (A) (8) and DR 6-101 (A) (3). After some hearings had taken place on both of these matters, on June 23, 1998, the parties stipulated to the following facts and charges and agreed on a recommended sanction of public censure, with the understanding that this was not binding on the Committee or on this Court.

In mid-1991, Mrs. Ortiz, with her husband as Spanish-English interpreter, hired respondent to litigate her dental malpractice claim. The action was commenced in 1993. In June 1995, Mr. Ortiz filed a complaint with the Committee. He claimed that respondent had neglected the case and failed to respond to his requests for information. The progress of the case thereafter was no better: respondent repeatedly adjourned depositions, failed to supply a bill of particulars until March 1997 and finally took a deposition in March 1998.

In the Ortiz matter, the parties stipulated with respect to four charges which the Hearing Panel sustained. Respondent violated DR 6-101 (A) (3) by neglecting the case and failing to pursue discovery in a timely fashion. He violated DR 1-102 (A) (4) by misrepresenting the reason for the delay to Mr. Ortiz and ignoring the client's requests for information. Moreover, respondent engaged in conduct prejudicial to the administration of justice, in violation of DR 1-102 (A) (5), by failing to provide truthful information about his neglect of the Ortiz matter to the Committee during its investigation. Finally, the above behavior adversely reflected on his fitness to practice law, in violation of DR 1-102 (A) (8).

The stipulated facts in the Negron matter were as follows. In late 1988, Maria Negron hired respondent to litigate a medical malpractice claim against the City of New York and the New York City Health and Hospitals Corporation, on behalf of the estate of Ms. Negron's mother. The case was stalled when respondent failed to respond to the City's discovery demands. Ms. Negron's attempts to obtain information from respondent about the case in 1994 and 1995 were unavailing. When she met with him in 1995, he provided no information and never kept his promise to get back to her. Accordingly, she filed a complaint with the Committee in April 1997. It now appears that her lawsuit was not meritorious.

The Panel sustained two of the charges stipulated to by the parties. Respondent violated DR 6-101 (A) (3) by completely neglecting the Negron matter after March 1993 and failing to respond to his client's requests for information. In addition, his conduct adversely reflected on his fitness to practice law, in violation of DR 1-102 (A) (8).

The Panel considered aggravating and mitigating factors set forth in the stipulation before deciding to recommend public censure as the appropriate sanction. In aggravation, there was the fact that respondent received two letters of admonition in 1994 for neglecting client matters. In mitigation, Mr. and Mrs. Ortiz were satisfied with respondent's recent performance in their case and wanted him to continue representing them. Ms. Negron was not harmed by respondent's neglect because her case had no merit. Respondent also claimed that one of the matters which had been the subject of an admonition letter had been settled by him in a manner acceptable to his clients.

The Departmental Disciplinary Committee now seeks an order confirming the Hearing Panel's findings of fact, conclusions of law and recommended sanction of public censure. Respondent has not responded to this motion.

The Hearing Panel's findings of fact should be confirmed as they are based upon the parties' stipulation of facts. The Panel's conclusions of law should also be confirmed, since the stipulated facts support the charges. Respondent undeniably neglected matters entrusted to him and misrepresented their status both to his clients and to the Committee.

However, respondent's habitual misconduct warrants a more serious sanction than censure. Evidently, reprimands have not sufficed to teach respondent to take his cases seriously and refrain from lying to his clients and colleagues. A period of suspension is appropriate for an attorney who has a previous

disciplinary record and who has seriously neglected several legal matters (*Matter of Chasin*, 183 AD2d 366). While some weight should be afforded to the Ortiz clients' satisfaction, the fact that Ms. Negron's case had no merit is merely a fortuitous circumstance and should not redound to respondent's credit (*supra,* at 368). While on some previous occasions this Court has declined to suspend a habitually neglectful attorney, the mitigating factors in those cases were generally stronger than the excuses presented by respondent; e.g., a major crisis in the attorney's personal life (*Matter of Marrin*, 207 AD2d 239, 241 [noting also that respondent was "an honorable practitioner who also handles *pro bono* matters, and should have one last chance"]) or psychological problems for which the attorney diligently sought treatment (*Matter of Erda*, 209 AD2d 147, 149).

Accordingly, the Committee's petition is granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law. The recommended sanction of public censure is disaffirmed and respondent should be suspended from the practice of law for three months.

Milonas, J. P., Rosenberger, Wallach, Andrias and Saxe, JJ., concur.

Hearing Panel's findings of fact and conclusions of law confirmed, recommended sanction disaffirmed, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, for a period of three months, effective November 30, 1998.