Matter of Alford (2018 NY Slip Op 06686)





Matter of Alford


2018 NY Slip Op 06686


Decided on October 9, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische, Justice Presiding,
Troy K. Webber
Jeffery K. Oing
Anil C. Singh
Peter H. Moulton, Justices.


&em;

[*1]In the Matter of William J. Alford, (admitted as William James Alford III), an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, William J. Alford, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, William J. Alford, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 13, 1988.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi E. Shea, of counsel), for petitioner.
Respondent pro se.
IN THE MATTER OF WILLIAM J. ALFORD, AN ATTORNEY



PER CURIAM


Respondent William J. Alford was admitted to the practice of law in the State of New York by the Second Judicial Department on April 13, 1988 under the name William James Alford III.[FN1] At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90[2], Rules for Attorney Disciplinary [*2]Matters [22 NYCRR] § 1240.8), alleging that respondent was guilty of professional misconduct, in violation of the Rules of Professional Conduct (22 NYCRR § 1200.0), based on his misrepresentations to one client and the Committee that he had filed a notice of claim on the client's behalf, when in fact he had not, and based on his failure to promptly return monies owned to another client.
The parties now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent, and request the imposition of a three month suspension.
The parties' submission conforms to the procedural requirements for a joint motion for the imposition of discipline (22 NYCRR § 1240.8[a][5][i]-[iii]), and should be granted. The parties stipulate to the following facts:
In April 2014, respondent agreed to prepare a notice of claim on behalf of a client, V., who wanted to sue the City of New York for injuries sustained as the result of a slip-and-fall inside a building owned and operated by the New York City Housing Authority. Respondent failed to enter into a retainer agreement with V. Respondent falsely informed V., and then later falsely testified at his examination under oath before the Committee, that he had filed the notice of claim. Respondent further testified that V.'s file, along with other client files, may have been in his car when seized by the Department of Transportation (DOT) for nonpayment of parking tickets. Respondent did not recover his car from the impound lot because the value of his car was less than the total amount due on the tickets and related towing and impound fees.
Sometime in June 2017, respondent mailed two money orders totaling $1,000 to his prior client, S., whom respondent had previously represented in a criminal matter. The money orders were sent to S. while he was incarcerated. However, because respondent had not signed the money orders, the correctional institution considered them to be contraband. Pursuant to the correctional institution's instructions, S. returned the money orders to respondent on or about June 21, 2017 explaining the situation.
In a letter dated July 10, 2017, the correctional institution assured S. that the money orders had been mailed to respondent. On July 11, 2017, S. wrote to respondent asking if he had received the money orders, but respondent failed to answer the letter. On July 18, 2017, S. spoke with respondent, who informed S. that he had not received the money orders back from the correctional institution. On July 20, 2017, the correctional institution's Correspondence Unit confirmed that the money orders had been mailed to respondent a month earlier, on June 22, 2017. On July 29, August 10, and August 15, 2017, S. again wrote to respondent, but he failed to respond to any of these letters.
In late August 2017, S. filed a complaint against respondent with the Grievance Committee. On September 29, 2017, the Committee mailed the complaint to respondent and requested that he answer the complaint within 20 days; respondent did not do so. On November 6, 2017, the Committee sent a certified letter, which was delivered on November 9, 2017, again requesting that respondent answer the complaint, but he failed to respond. On December 5 and December 15, 2017, the Committee left voicemails for respondent concerning his failure to answer the complaint, but he still did not respond. On December 18, 2017, the Committee sent respondent a third letter, and again requested an answer within 10 days.
On December 26, 2017, the Committee received respondent's answer, which was dated December 11, 2017. In his answer, respondent stated that he had received the money orders "sometime in mid-October," admitted that he had agreed to return money to S., and represented that he would do so within "the next 30 days".
According to the parties' joint affirmation, dated June 26, 2018, as of April 24, 2018 respondent has failed to send the money orders to S.
Respondent conditionally admits that his actions, as set forth above, violated all eight charges as alleged in the petition of charges. Respondent was charged with violating Rules of Professional Conduct (rule 1.3(b) (a lawyer shall not neglect a legal matter entrusted to the [*3]lawyer); rule 1.4(a)(4) (a lawyer shall promptly comply with a client's reasonable requests for information); rule 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation) (two charges); rule 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice); and, three charges of violating rule 8.4(h) (a lawyer shall not engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer).
The parties stipulated to the following factors in aggravation: respondent was previously admonished in 2013 for failing to promptly refund an unearned fee, in violation of rule 1.16(e) and, was previously admonished in 2015 for failing to file a notice of appeal in a criminal matter and losing a client's file, in violation of rule 1.3(a)-(b).
The parties stipulated to the following factors in mitigation: in August 2017, respondent began traveling to and from Atlanta to care for his sister who had been diagnosed with lung cancer; in November 2017, respondent's sister passed away; and respondent has been responsible for managing his late sister's affairs.
The parties cite similar matters involving neglect, misrepresentation and failure to communicate that have resulted in discipline ranging from censure to a nine-month suspension; however, under the circumstances of this case, the parties stipulate that the appropriate discipline to be imposed on respondent is a three-month suspension. The parties point out that here, respondent is charged with neglecting two cases, making misrepresentations to V. and the Committee, failing to respond to numerous letters from S., failing to respond to letters from the Committee requesting respondent submit an answer, failing to safeguard client's files when he abandoned them in his vehicle which was towed by DOT, respondent had received two prior admonitions within the past five years for similar misconduct and during some of the time that he failed to cooperate with the Committee and communicate with S., and that respondent was caring for his dying sister.
In support, the parties rely on Matter of Peralta-Millan (141 AD3d 87 [1st Dept 2016]]); Matter of Berkman (32 AD3d 39 [1st Dept 2006]); Matter of Jaffe (250 AD2d 13 [1st Dept 1998]); and, Matter of Marrin (207 AD2d 239 [1st Dept 1995]). In granting the instant motion for discipline by consent we find that a three-month suspension is a reasonable punishment for the kind of misconduct in which respondent engaged. Respondent is a solo practitioner, his misconduct was limited in scope, and he was experiencing personal issues at the time the Committee was investigating the complaint by S.
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent suspended for a period of three months and until further order of this Court, and the Committee's separately filed petition of charges should be denied as moot.
All concur.
Order filed. [October 9, 2018]
The parties' joint motion for discipline by consent is granted, and respondent is suspended from the practice of law in the State of New York for a period of three months, effective November 8, 2018, and until further order of this Court (M-3388). The Committee's petition of charges is denied as moot (M-2678).



Footnotes