Matter of Weitzman (2021 NY Slip Op 07085)





Matter of Weitzman


2021 NY Slip Op 07085


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Troy K. Webber
Lizbeth González
Tanya R. Kennedy
Manuel J. Mendez, JJ.


Motion No. 2021-03193 Case No. 2021-00930 

[*1]In the Matter of Raphael Weitzman, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Raphael Weitzman, (OCA Atty. Reg. No. 2691996) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 20, 1995.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi E. Shea, Esq., of counsel), for petitioner
Respondent, pro se.



Per Curiam


Respondent Raphael Weitzman was admitted to the practice of law in the State of New York by the Second Judicial Department on September 20, 1995. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.
On August 4, 2021, the Attorney Grievance Committee (the Committee) filed a petition of charges in which the Committee alleged that respondent neglected a legal matter, failed to communicate with clients about the status of their case, and filed frivolous claims on his clients' behalf.
The parties now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5) for an order imposing discipline by consent and request that respondent be publicly censured.
A joint motion for discipline by consent must include a stipulation of facts, the respondent's conditional admission to acts of professional misconduct and the violation of specific Rules of Professional Conduct, the relevant factors in mitigation and aggravation, and the agreed-upon discipline (see 22 NYCRR 1240.8[a][5][i]). The motion must also be accompanied by an affidavit from the respondent acknowledging the respondent's conditional admission of misconduct, the respondent's freely given consent to the agreed-upon discipline, and the respondent's full awareness of the consequences of such consent (see 22 NYCRR 1240.8[a][5][iii]).
The parties have stipulated to the following facts. Respondent was retained by T.E. to represent her in a civil action for injuries resulting from a car accident that occurred in April 2010. T.E. thereafter retained respondent to represent her and her mother, M.E., in connection with a separate motor vehicle accident which occurred in October 2010. At a February 2011 meeting, respondent informed T.E. and M.E. (the clients) that their respective injuries in the October 2010 accident did not meet the threshold standard for serious injury. The clients disagreed and advised respondent that they would retain new counsel.
Having not been substituted, respondent commenced an action in October 2013 based upon the October 2010 accident in order to preserve the clients' rights. Contrary to the representations that he made to his clients, respondent alleged in the verified complaint that both women "sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York." Respondent affirmed the truthfulness of this complaint under penalty of perjury.
Respondent did not serve the defendants until March 2015. In April 2015, the defendants filed an answer asserting lack of personal jurisdiction as an affirmative defense. In May 2015, the defendants moved to dismiss the complaint because respondent failed to properly serve them within 120 days after commencement of the action pursuant to CPLR 306-b.
In June 2015, respondent opposed the defendants' motion and cross-moved [*2]for an extension of time to effect service. Respondent argued that he had attempted to timely serve the defendants but was unable to do so because the defendants' homes were gated. He conceded that his law office failed to follow up with the process server and incorrectly marked the complaint as timely served. He contended that his inability to timely serve defendants was the result of a "procedural irregularity" and "not jurisdictional." Lastly, he submitted that "new evidence concerning deterioration of [the clients'] medical and economic conditions rise to a level entitling them for a grant to renew the motion."
In January 2016, the trial court granted the defendant's motion to dismiss. The court noted that respondent had proffered no proof of timely service.
In February 2016, respondent moved for leave to reargue and renew, arguing that the court overlooked and misapprehended matters of law and fact. Specifically, respondent asserted that plaintiffs made multiple efforts to serve the defendants within the 120 days of the filing, using two process servers. However, he provided no evidence to support these claims. In July 2016, the court denied the motion.
In November 2019, the clients filed separate complaints against respondent with the Committee where they alleged that respondent, inter alia, failed to inform them that he had filed a lawsuit pertaining to the October 2010 accident.
In respondent's answer to the complaints, he stated that he commenced the action for the October 28, 2010 accident on October 11, 2013 but did not pursue the action in accordance with his clients' directions "because the injuries claimed in said action were duplicative of those in the April 4 [sic], 2010 accident."
The Committee issued respondent an Admonition in February 2021, after determining that respondent failed to communicate with a client (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4) and that he engaged in other conduct that adversely reflected on his fitness as a lawyer (rule 8.4[h]).
Respondent moved to vacate the Admonition pursuant to 22 NYCRR 1240.7(e)(2). The Rules for Attorney Disciplinary Matters provide that this Court, upon receiving an application to vacate an admonition, "may consider the entire record and take whatever action it deems appropriate" (22 NYCRR 1240.7[e][2]). On May 7, 2021, this Court granted respondent's motion to the extent of vacating the Admonition, but remanded the matter "to the Committee for the commencement of a formal disciplinary proceeding as set forth in 22 NYCRR 1240.8."
In June 2021, respondent appeared for a deposition before the Committee. He admitted in his deposition testimony that he did not think his clients' injuries would meet the threshold necessary for an action pursuant to §5102(d) of the Insurance Law of the State of New York. When asked to explain his failure to serve the complaint, respondent testified that "once you serve [the complaint] . . . [y]ou have to really work the case[*3]. I didn't want to work it given the issues." Respondent admitted that he never moved to withdraw as counsel.
As to respondent's papers submitted in response to the motion to dismiss, the Committee asked respondent what new evidence he had concerning the deterioration of his clients' medical conditions. Respondent testified that this was just "boilerplate language to get them [the clients] in the door . . . I was probably playing on the sympathy of the court to grant [the clients an extension of time to effect service]."
In its August 4, 2021 petition, the Committee charged respondent with six violations of the Rules of Professional Conduct: rule 1.3(b) (neglect of a legal matter), rule 1.4(a)(3) (failure to keep clients reasonably informed about status of their matter), rule 3.1(a) (three counts) (assertion of a frivolous claim) and rule 8.4(h) (other conduct adversely reflecting on fitness as a lawyer).[FN1] Respondent conditionally admits that he violated the aforementioned rules in his affidavit, which is submitted with the parties' joint motion for discipline by consent.
In mitigation, the parties note that respondent has no prior disciplinary history and that, during his representation of his clients, he experienced great personal loss and hardship. In February 2011, shortly after meeting his clients, his brother passed away in Israel. In 2015, his wife became ill and in 2016 she was diagnosed with Stage IV breast cancer. During the Committee's investigation of his misconduct, his mother was recovering from a heart attack and his wife was undergoing chemotherapy.
Respondent has also expressed remorse and has acknowledged the mistakes that he made in his representation.
The parties have not presented any factors in aggravation.
As to the appropriate sanction, the parties request that respondent be publicly censured. We agree that a public censure is appropriate because respondent lacks a prior disciplinary history and has shown considerable evidence in mitigation (see Matter of Mauser, 184 AD3d 223 [1st Dept 2020]; Matter of Thomas, 159 AD3d 35 [1st Dept 2018]; Matter of Richman, 102 AD2d 403 [1st Dept 1984]).
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent publicly censured. The Committee's petition of charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8 (a) (5) for discipline by consent is granted, and
It is further Ordered that respondent, Raphael Weitzman, is hereby publicly censured for his misconduct, and
It is further Ordered that the Attorney Grievance Committee for the First Judicial Department's separately filed petition of charges is denied as moot.
Entered: December 21, 2021



Footnotes

Footnote 1: The charges stemmed from the misconduct that gave rise to the Admonition vacated by this Court as well as respondent's admissions made after the Committee commenced a formal disciplinary proceeding against him.