Matter of Frishberg (2022 NY Slip Op 06755)

Matter of Frishberg

2022 NY Slip Op 06755

Decided on November 29, 2022

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
David Friedman
Jeffrey K. Oing
Anil C. Singh
Peter H. Moulton, JJ.

Motion No. 2022-03770 Case No. 2022-02300 

[*1]In the Matter of Aaron D. Frishberg (Admitted as Aaron David Frishberg), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Aaron D. Frishberg, (OCA ATTY. REG. NO. 2131894), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 4, 1987.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi E. Shea, of counsel), for petitioner.
Lennox S. Hinds, Esq., for respondent.

Per Curiam 

Respondent Aaron D. Frishberg was admitted to the practice of law in the State of New York by the First Judicial Department on May 4, 1987, under the name Aaron David Frishberg. At all times relevant to this proceeding, respondent maintained a law office within the First Department.
In May 2022, the Attorney Grievance Committee (Committee) filed a notice of petition and petition of charges pursuant to Judiciary Law § 90 (2) and Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8, seeking an order directing that respondent be disciplined for neglect of a legal matter, failure to provide competent representation, failure to act with reasonable diligence and promptness, and failure to properly communicate with his client, all in connection with his mishandling of a client's personal injury action.
The parties now jointly move under 22 NYCRR 1240.8 (a) (5)(1) for discipline by consent and request the imposition of a six-month suspension, and supervision by the Lawyer Assistance Program (LAP) for a period of one year and until such further order of this Court. The Committee and respondent agree on the stipulated facts, including the misconduct itself and factors in aggravation and mitigation, and on the discipline. The following factual specifications are not in dispute:
A client retained respondent to represent him in a personal injury action stemming from a motor vehicle accident that occurred in North Carolina on November 16, 2015. The victim suffered serious physical injury that required hospitalization and surgery. Respondent agreed to represent the victim on a contingency fee basis, but respondent did not enter into a written retainer agreement, nor provided a letter of engagement to his client. On November 13, 2017, respondent filed the personal injury action in Wake County, Superior Court of North Carolina. In North Carolina, personal injury claims based upon negligent driving must be brought within three years of the date the injury occurred (N.C.G.S. § 1-52(16)).
Seven months later, on June 28, 2018, this Court suspended respondent for a period of six months, effective July 30, 2018, for neglecting to perfect an appeal in an unrelated civil matter and failure to communicate with the client about the status of the case. During respondent's suspension, a Washington State attorney represented the plaintiff in the North Carolina personal injury action. Meanwhile, respondent was reinstated in New York on June 20, 2019, and at some point thereafter respondent resumed his representation of his client in the North Carolina personal injury action.
On September 10, 2019, the North Carolina personal injury action was involuntarily dismissed without prejudice due to plaintiff's failure to comply with discovery requests. Under North Carolina law, the plaintiff would have one year from the date of the dismissal without prejudice to refile [*2]the complaint (N.C.R.C.P. Rule 41 [b]). In order to avoid a dismissal with prejudice for untimely filing, the plaintiff had to file a new complaint by September 10, 2020. Respondent did not file a new personal injury action until October 13, 2020, approximately one month after the expiration of the North Carolina statute of limitations. On January 31, 2021, due to the untimely filing, the new personal injury action was dismissed with prejudice, as provided by N.C.G.S. § 1-15 and N.C.R.C.P. Rule 41 (b).
After the dismissal, respondent did not notify his client in writing of the outcome of the matter and did not inform him of his right to consult independent counsel with respect to any other causes of action available to him as a result of respondent's untimely filing.
At his December 2021 deposition, respondent testified that he filed the complaint late because he was unable to secure local counsel in North Carolina who would agree to sponsor his pro hac vice application until shortly before he filed the untimely complaint. It did not occur to respondent that he could have filed a pro se complaint on behalf of his client in order to toll the statute of limitations while he continued his search for local counsel.
Respondent admits that his actions, as set forth above, violated five of the charges alleged in the petition of charges:
• By failing to file the complaint within the applicable North Carolina statute of limitations, respondent failed to act with reasonable diligence and promptness in representing a client and neglected a legal matter entrusted to him in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.3(a) and 1.3(b).
• By failing to provide a written retainer agreement stating the method by which a contingency fee is to be determined, including litigation and other expenses to be deducted from the recovery and whether such expenses are to be deducted before or after the contingent fee is calculated, respondent violated rule 1.5(c).
• Upon conclusion of a contingent fee matter, respondent failed to provide the client with a writing stating the outcome of the matter in violation of rule 1.5(c).
• Upon termination of representation of his client, respondent failed to take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of his client, including giving reasonable notice to the client of other claims available to him in violation of rule 1.16(e).
With regard to aggravation, the parties stipulated that respondent has the following disciplinary history: as indicated, in 2018, respondent received a six-month suspension for neglecting a legal matter and failing to provide competent representation. In 2011, respondent was issued two Admonitions (private discipline) for neglecting two separate matters, a personal injury matter and a tax matter.
With regard to mitigation, the parties stipulated to the following factors: respondent fully cooperated [*3]with the Committee, accepted responsibility for his misconduct, and he has expressed remorse for the harm to his client. In addition, the mental health issues underlying respondent's 2018 suspension are being treated, and he has agreed to enroll in LAP to assure that psychological problems do not impact adversely on his ability to practice. Lastly, during the course of his career, respondent has represented pro bono clients.
Liability on all the charges has been established by respondent's admissions, which is amply supported by the stipulated facts. Accordingly, we grant the parties' motion for discipline by consent. As to the appropriate sanction, the parties agree that the discipline to be imposed should be a six-month suspension, with supervision by LAP for a period of one year. While respondent's history of neglect is troublesome, we find a six-month suspension with mandated LAP enrollment for respondent's most recent misconduct is appropriate as it did not involve dishonesty, was confined to a single matter, and in light of the mitigating factors. In addition, the six-month suspension is consistent with New York precedent regarding similar misconduct (see e.g. Matter of Mui, 198 AD3d 91 [1st Dept 2021]; Matter of Moody, 88 AD3d 54 [1st Dept 2011]; Matter of Rosenkrantz, 305 AD2d 13 [1st Dept 2003]; Matter of Hershberg, 235 AD2d 1 [1st Dept 1997]; Matter of Scharf, 213 AD2d 119 [1st Dept 1995]).
Accordingly, the parties' joint motion for discipline by consent should be granted and respondent is suspended for a period of six months with supervision by LAP for a one-year period. The Committee's separately filed petition of charges is denied as moot (see Matter of Leighton, 158 AD3d 23 [1st Dept 2018]).
All concur.
IT IS ORDERED that the parties' joint motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) is granted and respondent Aaron D. Frishberg, admitted as Aaron David Frishberg, is suspended from the practice of law in the State of New York for a period of six months, effective December 29, 2022, and until further order of this Court, with respondent directed to participate in the New York City Bar Association's Lawyer Assistance Program for a period of one year, and
IT IS FURTHER ORDERED that the petition of charges filed by the Attorney Grievance Committee is denied as moot, and
IT IS FURTHER ORDERED, that, pursuant to Judiciary Law § 90, during the period of suspension, and until further order of this Court, respondent is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law, and
IT IS FURTHER ORDERED that respondent shall comply with the [*4]rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
IT IS FURTHER ORDERED that if respondent has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency.
Order filed. November 29, 2022