In the Matter of PHILIP M. KOVITZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 17, 1986

#### APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Richard L. Baltimore* for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice in the First Judicial Department on June 27, 1951, and has at all relevant times maintained an office for the practice of law in the First

Judicial Department. He is charged by petitioner, the Departmental Disciplinary Committee, with having neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3). Petitioner moves to confirm the findings of the Hearing Panel, which held respondent guilty as charged and recommended his suspension for a period of one year.

Respondent was retained in or about June 1969 to represent an infant who sustained personal injuries. He instituted an action in September 1969, but thereafter took no meaningful steps in furtherance of its prosecution until the middle of 1983, after he became aware that his handling of the matter had been brought to the attention of the disciplinary authorities, and also, as it happens, after his client was placed under the compulsion of a conditional preclusion order and a 90-day notice. At his last appearance before the Hearing Panel, in October 1984, respondent was able to represent that the action had been placed on the Trial Calendar the week before, and in an affirmation, dated April 30, 1986, submitted as an answer to the instant petition seeking to discipline him, respondent represents that the action was settled, although he does not say when or for how much.

Respondent's defense is that his client's case was weak on liability, and that her only chance of getting a decent settlement was to delay the action as long as possible in the hope that adverse witnesses would become unavailable. In other words, the delay was a litigation tactic which was warranted because of the lack of merit to his client's case. The record is clear, however, that respondent, never having investigated the accident or pursued disclosure, was in no position to assess the merits of his client's case. The scant police report of the accident, prepared under unknown circumstances, hardly justified the exclusive reliance placed upon it by respondent.

In view of the foregoing, and the four prior admonitions of respondent between 1967 and 1976 for his handling of six matters, four of which were neglected, respondent should be suspended from the practice of law for a period of one year.

Accordingly, the petition of the Departmental Disciplinary Committee is granted, the findings of guilty confirmed and respondent suspended for one year, effective August 18, 1986.

SULLIVAN, J. P., ASCH, FEIN, ELLERIN and WALLACH, JJ., concur.

Respondent is suspended from practice as an attorney and

counselor-at-law in the State of New York for a period of one year, effective August 18, 1986, and until the further order of this court.