[— NYS2d —]

In the Matter of DAVID SEGAL, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 17, 1993

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Mitchell K. Friedman* of counsel *(Jerome Karp, P. C.,* attorney), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, David Segal, was admitted to the practice of law in New York by the Second Judicial Department on June

26, 1974. At all times relevant to the matters under consideration herein, Mr. Segal has maintained an office for the practice of law in the First Judicial Department.

On or about December 18, 1991, the respondent was served with a notice and statement of charges by the Departmental Disciplinary Committee. The notice contained 33 charges and alleged the violation of a number of disciplinary rules in connection with the respondent's neglect of nine separate civil cases and criminal appeals. On or about May 4, 1992 respondent served an answer denying all of the allegations and charges. A hearing was conducted on May 4, 1992, June 4, 1992, June 14, 1992, and July 22, 1992, before a Special Referee. Prior to the second hearing date on June 4, 1992 respondent served an amended answer in which he admitted all of the factual allegations contained in the charges but denied that he intentionally failed to seek the lawful objectives of his client. Respondent testified on his own behalf, presented three character witnesses and evidence of alleged mental disability.

Specifically, the evidence adduced at the hearing showed that the respondent neglected nine legal matters and failed to return any of the fees paid. Four of these matters involved appeals in criminal cases where respondent failed to perfect the appeals. It should be noted that in two of these cases other attorneys retained by the appellants won reversals in this Court. In another, respondent failed to perfect the appeal for almost eight years and ultimately did so only after a dismissal motion by the People and an order of the Court directing him to perfect the appeal for a term certain. We cite these criminal matters to emphasize the direct impact respondent's neglectful behavior had on his clients and not to minimize the prejudicial effect of respondent's neglect in connection with the five civil matters underlying the charges. It is especially significant that the respondent retained the fees paid to him by the clients in all nine matters. The Special Referee issued a written report in which 27 of the 33 charges were sustained.

We are aware of the mitigating evidence presented by the respondent, and note particularly the fact that respondent maintained an unusually heavy case load. While respondent presented evidence that he suffers from obsessive compulsive disorder and has been described by his own expert psychiatric witness as an "inflexible perfectionist" whose personality did not allow him to acknowledge his errors, none of this evidence excuses respondent's omissions and the retention of the fees

taken in matters he admittedly neglected. After the issuance of the Special Referee's report respondent returned the fees collected to four of the clients involved, with interest, however, he must return all the fees improperly retained to the remaining clients. Moreover, respondent should not have needed the impetus provided by the Special Referee's report before returning the fees.

The evidence conclusively established that the respondent neglected nine matters, and improperly retained the fees paid to him. Moreover, the lengthy delays which occurred in several of the matters seriously prejudiced the clients involved. We cannot discount the fact that he was previously issued a Letter of Admonition by the Committee on March 30, 1989 for neglect of a matter.

Accordingly, the petition of the Departmental Disciplinary Committee dated December 21, 1992 seeking confirmation of the Special Referee's report is granted in part and the Special Referee's report is confirmed insofar as it recommends suspension of the respondent from the practice of law, however, we fix the period of suspension at two years, until further order of this Court, effective 30 days from the date hereof. No application for reinstatement will be entertained unless respondent includes proof of the refund of the remaining fees improperly retained, plus interest.

ROSENBERGER, J. P., ELLERIN, ROSS, ASCH and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York for a period of two years, effective July 19, 1993, and until the further order of this Court, and no application for reinstatement will be entertained unless respondent includes proof of the refund of the remaining fees improperly retained, plus interest.