[664 NYS2d 50]

In the Matter of JOSEPH D. DANAS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 20, 1997

**APPEARANCES OF COUNSEL**

*Sherry K. Cohen* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Joseph D. Danas,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent Joseph D. Danas was admitted to the practice of law in the State of New York by the Second Judicial Department on October 15, 1969. At all times relevant to this proceed-

ing, he maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order confirming findings of fact and conclusions of law drawn by petitioner's Hearing Panel sustaining charges that respondent had violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (7) (now [8]) and DR 6-101 (A) (2) and (3) (22 NYCRR 1200.3, 1200.30), and imposing such discipline as the Court deems appropriate.

In support of its petition, petitioner has set forth evidence demonstrating that, in regard to a complaint filed by Lillian Ramos, respondent, by failing to prepare and file Ms. Ramos' divorce papers in a timely manner, to check with the court to learn the status of the case, and to return Ms. Ramos' repeated telephone calls for information and to otherwise keep her informed of the status of her case, neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3).

In regard to a complaint filed by James Humphrey, petitioner has demonstrated that by failing to return Mr. Humphrey's numerous telephone calls to obtain information about the status of his divorce matter or to provide requested billing information or files, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3) of the Code of Professional Responsibility. Furthermore, by failing to prepare and submit a complaint and net worth statement in a timely fashion or otherwise timely respond to opposing counsel, thereby unnecessarily delaying the progress of the divorce action, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3).

In reference to a complaint filed by Patrick D. DeFeis, petitioner set forth evidence showing that, by misrepresenting the status of Mr. DeFeis's lawsuit through omissions and by notarizing Mr. DeFeis's signature on a deposition transcript even though Mr. DeFeis did not sign the document in his presence, respondent engaged in conduct involving misrepresentation, in violation of DR 1-102 (A) (4). Furthermore, petitioner also demonstrated that, by failing to take steps to insure that Mr. DeFeis complied with discovery demands in a timely manner, to inform Mr. DeFeis of a pending motion to dismiss his complaint, to inform Mr. DeFeis that such motion had been granted and a judgment entered, to inform Mr. DeFeis that such judgment would be executed if Mr. DeFeis failed to pay it in a timely manner, to complete the appeal or properly recommence the action, or to respond to Mr. DeFeis's repeated

telephone calls and requests for information and documents, respondent neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3).

In reference to a complaint filed by Jacqueline Ferguson, petitioner set forth evidence showing that by failing to respond to Ms. Ferguson's repeated calls and letters requesting information about the status of her divorce action, and to undertake all of the required address searches for a divorce by publication, respondent handled a legal matter without adequate preparation, in violation of DR 6-101 (A) (2) and neglected a legal matter entrusted to him, in violation of DR 6-101 (A) (3).

Finally, by all of the above-described evidence, petitioner showed that respondent engaged in conduct reflecting adversely on his fitness to practice law, in violation of DR 1-102 (A) (7) (now [8]).

Respondent does not contest the facts upon which the Hearing Panel's findings of fact were based and those findings, and the Panel's conclusions of law, should be confirmed.

This Court has generally held that, where an attorney has neglected legal matters and has engaged in additional misconduct or has a prior disciplinary history, suspension is the appropriate sanction (*see, Matter of Cofino*, 211 AD2d 298; *Matter of Segal*, 190 AD2d 295; *Matter of Chasin*, 183 AD2d 366).

As noted above, respondent has been found to have engaged in misconduct additional to his neglect. Moreover, petitioner has set forth evidence indicating that respondent has a prior admonition, issued in October of 1993, for neglect of a divorce matter. However, in determining the sanction, we also take into account the fact that respondent has set forth considerable evidence in mitigation, including respondent's expression of remorse, the fact that he has made restitution to three complainants, attempted to make restitution to a fourth and has provided legal services at no cost to a fifth; that he had no intent to harm the complainants; that he fully cooperated with the Committee's investigation; that all of this misconduct occurred during a discrete period during which he suffered serious personal problems and that he has changed his office procedures as a result of the proceedings against him.

Although counsel for petitioner and respondent jointly recommended to the Hearing Panel that respondent be suspended for a period of six months, the Hearing Panel has recommended that this Court impose a suspension of one year. Contrary to the Panel, taking into account all of the above-

described circumstances, we find that respondent should be suspended from the practice of law for six months.

Accordingly, the Committee's motion for an order confirming the Panel's findings of fact and conclusions of law is granted. The Panel's recommendation that this Court impose a one-year suspension is disaffirmed and respondent is suspended from the practice of law, effective 30 days from the date of this order, for a period of six months and until further order of this Court.

MURPHY, P. J., SULLIVAN, MILONAS, ELLERIN and RUBIN, JJ., concur.

Petition granted to the extent of confirming the Hearing Panel's findings of fact and conclusions of law, and disaffirming the Hearing Panel's recommendation as to sanctions, and respondent is suspended from the practice of law for a period of six months, effective December 19, 1997, and until the further order of this Court.