[815 NYS2d 583]

In the Matter of SAUL A. BERKMAN (Admitted as SAUL ARTHUR BERKMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 8, 2006

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Kevin E.F. O'Sullivan* and *Sherry K. Cohen* of counsel), for petitioner.

*Saul A. Berkman,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Saul A. Berkman was admitted to the practice of law in the State of New York by the First Judicial Department on April 1, 1968. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

On July 22, 2004, the Departmental Disciplinary Committee (Committee) served respondent with a notice and statement of charges alleging five violations of the Code of Professional Responsibility arising out of one legal matter. The charges alleged that respondent handled the legal matter without adequate preparation in violation of DR 6-101 (a) (2) (22 NYCRR 1200.30) (count 1), neglected a legal matter entrusted to him in violation of DR 6-101 (a) (3) (counts 2 and 3), engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of DR 1-102 (a) (4) (22 NYCRR 1200.3) (count 4), and acted in a manner that adversely reflected on his fitness as a lawyer in violation of DR 1-102 (a) (7) (count 5). On October 25, 2004, respondent entered into a prehearing stipulation in which he admitted to the events underlying the charges.

A Referee held a hearing on the charges at which respondent's former client, Ms. Hill, testified. The hearing evidence revealed that Hill retained respondent in October 1989 to represent her in a personal injury action against the Board of Higher Education of the State of New York. Hill had been injured in a fall at the CUNY Graduate Center campus. Although respondent timely served a verified claim on the Board within two years of the injury, he failed to serve the claim on the New York State Attorney General's office within the time limit required by statute. In May 1991, the Attorney General filed a verified answer asserting the affirmative defense of lack of jurisdiction based on the claimant's failure to serve the required notice upon it within the time required.

At a June 1995 preliminary conference before a New York State Court of Claims Judge, respondent conceded that he failed

to properly serve the claim with the Attorney General and the court announced its intention to dismiss the claim, with costs against the claimant Hill. Upon determining that an award of costs could be avoided if he withdrew Hill's claim, respondent did so without consulting Hill or obtaining her consent.

Hill testified that after 1991, she called respondent once or twice a year to check on the status of the case and was told that it was being worked on and would go forward soon. In the fall of 1996, over a year after he had withdrawn the Hill claim, respondent told her that they might go to court by the end of the year. In January 1997, however, respondent wrote to Hill asking her to agree to withdraw the claim because it was speculative and the possibility of recovery remote. Respondent testified that he was pressured into writing the letter by the name partner of the firm he worked for, although he felt "uncomfortable" doing so. Although respondent claimed he sent the letter, Hill never received it.

Ultimately, respondent consulted her union attorney in 1999, who suggested she write to respondent asking for a copy of her case file. When no response was forthcoming, the union attorney contacted respondent directly, resulting in respondent's sending some of the file documents to Hill, including the 1995 documents relating to the withdrawal of the claim and respondent's January 1997 letter to Hill requesting her consent to the discontinuance.

The Referee sustained each of the five charges against respondent. She found that respondent's failure to research the service requirements for asserting claims against state entities, resulting in the claimant's loss of opportunity to seek compensation for her injuries, constituted inadequate preparation for and neglect of a legal matter under counts 1 and 2 (DR 6-101 [a] [2], [3]). She sustained count 3, also alleging neglect, based on respondent's failure to communicate with Hill over five years regarding the status of her case (DR 6-101 [a] [3]). Count 4 was sustained based on respondent's deceitful misrepresentations regarding the status of the case after he discontinued it, and his January 1997 letter requesting her consent to discontinue the case 1½ years after the discontinuance. Finally, count 5 was sustained since the totality of respondent's conduct reflected adversely on his fitness to practice law.

At the sanction portion of the hearing, the Referee considered a prior letter of admonition received by respondent in April 2002, which involved neglect and deception over the status of a

case similar to the instant matter. The Referee rejected as aggravation the Committee's argument that respondent should have attempted to refile the claim, finding that such error was not curable under the law. In mitigation, the Referee noted that respondent was forced to start his own practice at age 61 after losing his job at a firm he was employed at for 22 years, as well as his expressions of regret and cooperation with the Committee. Ultimately, the Referee rejected the Committee's request for an 18-month suspension and concluded that a suspension of nine months was appropriate under the circumstances.

A Hearing Panel heard oral argument on the matter and in its report dated August 22, 2005, it recommended confirming the Referee's findings but modified the recommended sanction to a suspension of at least one year.

The Committee now moves for an order confirming the Referee's and Hearing Panel's findings of fact and conclusions of law, and adopting the Hearing Panel's recommended sanction of a suspension of at least one year. Based on this Court's prior decisions in disciplinary matters, it is beyond question that respondent's neglect and inadequate preparation involving a legal matter, his persistent misrepresentations about the status of his client's case and his prior admonition for similar misconduct warrant the imposition of a suspension. The only question is the appropriate length of that suspension.

The cases relied upon by the Hearing Panel to support a suspension of at least one year are distinguishable on the basis that they involve either multiple instances of neglect or multiple prior admonitions, or both (see Matter of Kovitz, 118 AD2d 285 [1986] [one-year suspension for neglect of infant's personal injury action for 14 years and four prior admonitions]; Matter of Forman, 117 AD2d 71 [1986] [one-year suspension for neglecting five legal matters and two prior admonitions]; Matter of Hyman, 38 AD2d 511 [1972] [18-month suspension for neglect of three matters and misrepresentations to conceal neglect]).

Some of our more recent precedents involving similar, but less frequent instances of misconduct, have resulted in suspensions of less than one year (see Matter of Hubbert, 290 AD2d 122 [2002] [six-month suspension for neglecting two matters, failing to promptly return an unearned portion of his fee, false representations to a client that a judgment was filed and noncooperation with the Committee]; Matter of Jaffe, 250 AD2d 13 [1998] [three-month suspension for neglect of two matters, inadequate preparation and misrepresentation of status of case,

two prior admonitions and little mitigation]; *Matter of Scharf*, 213 AD2d 119 [1995] [six-month suspension for neglect of one matter, misrepresentations to conceal neglect, failure to cooperate with Committee, but some mitigation]).

Although respondent's inadequate preparation, neglect and misrepresentations prejudiced his client and mandate a suspension, we find that his misconduct was sufficiently limited in scope to permit a suspension of less than one year, notwithstanding his prior admonition. Respondent has admitted his wrongdoing and we agree with the Referee that a nine-month suspension is an appropriate sanction under the circumstances.

Accordingly, the Committee's motion should be granted to the extent of confirming the Hearing Panel's findings of facts and conclusions of law, and disaffirming the recommended sanction, and suspending respondent from the practice of law for a period of nine months.

MAZZARELLI, J.P., ANDRIAS, MARLOW, GONZALEZ and SWEENY, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of nine months, effective July 10, 2006, and until further order of this Court.