[817 NYS2d 245]

In the Matter of ANDRES M. ARANDA (Admitted as ANDRES MANUEL ARANDA), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 13, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Richard Maltz* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Andres M. Aranda was admitted to the practice of law in the State of New York by the Second Judicial Department on February 28, 1979, as Andres Manuel Aranda. At all times relevant to this proceeding, respondent maintained an office for the practice of law within this judicial department.

On September 21, 2004, respondent was served with an amended notice and statement of charges in which it was alleged that he violated Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3) and DR 6-101 (a) (3) (22 NYCRR 1200.30) by (1) neglecting four client matters; (2) misrepresenting the status of cases to two clients; (3) failing to file retainer statements for three clients; and (4) engaging in conduct that adversely reflected on his fitness as a lawyer. In his answer, respondent admitted in part and denied in part the material allegations of misconduct.

Prior to the Referee's hearing, the parties entered into two stipulations wherein respondent admitted to most of the factual allegations, but not the charges. He further stipulated that if the complainants were called to testify at the hearing, they would have testified consistent with the charges.

A hearing before a Referee was held at which respondent testified on his own behalf. Thereafter, a mitigation hearing was held at which respondent and several character witnesses, including three judges, respondent's law partner, and an assembly member, testified. In addition, respondent submitted over 80 letters attesting to his character.

Respondent is engaged in a very active law practice, concentrating primarily on criminal defense work. In the course of representing several clients in civil actions stemming from alleged police misconduct, respondent did not file the requisite retainer agreements with the court and failed to satisfy statutory filing requirements resulting in the loss of his clients' claims.

In particular, in February 1999, one client retained respondent to pursue a false arrest claim against the City of New

York. Although respondent served a timely notice of claim against the City, and an associate from his office represented the client at a General Municipal Law § 50-h hearing, respondent admittedly failed to commence an action before the statute of limitations expired. Respondent concluded that the client no longer wished to pursue his claim since he failed to respond to the offices' several attempts to contact him and had several outstanding bench warrants for his failure to make court appearances. Respondent explained that although the client had provided a change of address at the General Municipal Law § 50-h hearing, the associate handling the hearing had not recorded the new address in accordance with office procedures.

After a periodic review of office files, it was discovered that this case had not progressed, and, although the state claim was no longer viable, the question was raised whether a federal action should be commenced. However, there was concern that the action would be considered frivolous since the client could not be produced.

Coincidentally, around this time, the client contacted respondent's office after being re-arrested. Over the phone, respondent explained to the client that the statute of limitations had run on the state claim, but that a federal action could still be commenced. The client insisted that respondent had his address, while respondent maintained he did not. Respondent followed up with a letter to the client, again to the wrong address, confirming, per prior conversations, that respondent's firm was not interested in proceeding with the civil matter because damages appeared to be minimal. No mention was made that the statute of limitations had expired on the state claim. When the client eventually came to the office, respondent explained that he may have a malpractice claim and might want to obtain other counsel.

The Referee found that respondent had neglected this legal matter in violation of DR 6-101 (a) (3) by permitting the statute of limitations to expire and by failing to properly note the client's change of address. In addition, the Referee determined that respondent had misrepresented the status of this claim in violation of DR 1-102 (a) (4) by failing to inform the client of his neglect which would give rise to a malpractice claim, and his rights to pursue a malpractice claim. Relying on respondent's admission that he violated DR 1-102 (a) (5) and 22 NYCRR 603.7 (a) (1), the Referee sustained the charge that respondent had failed to file a retainer statement in connection with this matter.

In 1994, respondent was retained by another client to pursue a civil claim based on a police search of her home in which property was damaged. In 1996, respondent was retained by a family to pursue claims based on an allegedly improper police search of their home. Respondent admittedly neglected both matters by failing to timely prosecute their respective claims.

Sometime in 1997, respondent entered into an agreement with another lawyer, David Cooper, pursuant to which Cooper would handle respondent's police misconduct cases. Respondent admitted that he remained ultimately responsible for those clients despite Cooper's involvement. However, after six months, the arrangement ended, and Cooper sued respondent for lost profits and services rendered. A settlement was eventually reached, and they discontinued the arrangement. Respondent assumed that Cooper had retained the two civil cases arising from the police searches, but admitted that he took no steps at the time of settlement to ascertain whether Cooper had actually done so.

At the time one of the matters had been given to Cooper, the state law claim had already expired. However, respondent testified that a state action had never been contemplated. Rather, a federal action was intended, which he assumed Cooper was filing. With respect to the family client matter, one of the family members had asked respondent why the case was taking so long. Respondent replied that cases against the City took a long time. At the time respondent gave this explanation, he claimed not to know that the statute of limitations had expired and, further, believed that Cooper was representing the family.

Based on respondent's admissions that he failed to file contingency retainer statements in these two cases, the Referee sustained the charges that respondent had failed to file a retainer statement in connection with these two matters. In addition, the Referee found that respondent had neglected these matters when he allowed the statute of limitations to run on one claim; and, with respect to the family claim, failed to file a timely action with respect to two family members and failed to file a notice of claim with respect to three family members. The Referee also concluded that respondent made a misrepresentation by giving a false explanation for the lack of progress on the family case, by failing to advise the family that his neglect could give rise to a malpractice claim, and to advise them of their rights in that regard.

With respect to the issue of sanction, respondent presented character testimony by his law partner, a New York State as-

sembly member, and three judges. Respondent also submitted letters from 13 other judges, 29 letters from clients, 40 letters from attorneys, and 7 letters from other court employees or public officials letters attesting to his integrity and ability.

Respondent testified on his own behalf that he was 52 years old, married with five children, maintained a high-volume criminal defense practice, was very politically active, and engaged in a significant amount of community and pro bono work, particularly in the Dominican community. He admitted that he erred by not following up on the two matters he thought he referred to Cooper. He noted that he had a new computer system and reduced his caseload by 75%.

In aggravation, the Committee introduced three prior admonitions respondent received over a period of seven years. The first admonition was issued in May 1986 based upon a finding that respondent made misrepresentations to a court about his engagement in another matter and for making a misrepresentation to the Committee during a deposition. In April 1989, respondent was admonished for neglecting a criminal matter, and in June 1993, respondent was again admonished for failing to appear in court.

Overall, the Referee concluded that respondent's "testimony was obviously tailored to please." The Referee also observed that although respondent claimed to accept responsibility for what happened, he attempted to "attenuate his misconduct" by blaming his employees and Cooper. In addition, respondent was clearly overextended, and, even after his last admonition for neglect, only 18 months prior to taking the earliest of the three cases at issue in this proceeding, he apparently had done nothing to reduce his work load or improve the management of his cases. The Referee criticized respondent for not knowing the rule requiring the filing of a retainer statement and further found that respondent's "expressions of remorse were perfunctory, accompanied by words of contrition but no acts of contrition."

The Referee rejected the Committee's request for an 18-month suspension. Instead, the Referee recommended a one-year suspension based on the neglect findings, three prior admonitions, and testimony seemingly lacking in candor.

A Hearing Panel heard oral argument and issued a report, which modified the Referee's findings to the extent of not finding intentional misrepresentations by respondent or conduct adversely reflecting his fitness as a lawyer, and recommended a five-month suspension.

With respect to the client with the false arrest claim, the Panel agreed with the Referee that respondent neglected the case, but, since there was no evidence contradicting respondent's claim that he orally communicated to the client that the state claim was lost, the charge alleging that respondent misled the client should not have been sustained. The Panel similarly found, with respect to the other two matters, respondent negligent by failing to ensure that Cooper was handling the cases assigned to him and by failing to reach a definitive agreement with Cooper about those cases as part of their own settlement. Furthermore, with respect to respondent's comment about the reason why the lawsuit on behalf of the family was taking so long, the Panel concluded it could only be a misrepresentation if there were proof that respondent knew at the time he was asked the status of the case that Cooper had not filed the family's lawsuit and was not pursuing their claims. The Panel found, however, that the undisputed evidence was to the contrary, therefore, there was no basis to conclude that respondent "purposely made any misrepresentations." Finally, the Panel also determined that respondent's neglect did not form a "pattern" of misconduct, a determination the Committee does not challenge.

As to the appropriate sanction, the Panel weighed respondent's prior admonitions, his ethical transgressions and his lack of effort to compensate his former clients for his failure to file their claims, against mitigating factors such as his cooperation with the Committee, substantial evidence about his character and community service, his claim that he significantly cut back the size of his practice and took steps to ensure that neglect issues would not arise in the future. Although the Referee questioned the genuineness of respondent's remorse, the Panel found it "worth noting that Mr. Aranda's assertions that he did not intentionally violate his duties is not inconsistent with remorse." The Panel recommended respondent be suspended for five months.

The Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) and 605.15 (e) confirming the Referee's findings of fact and conclusions of law, disaffirming that part of the Hearing Panel's determination not to sustain the two misrepresentation charges, and, due to the differing sanction recommendations, requests this Court impose whatever sanction it deems just and proper. Respondent opposes the petition and seeks confirmation of the Hearing Panel's findings, modification

of the Panel's recommendation of a five-month suspension to a public censure or, at most, a three-month suspension, and disaffirmance of the Referee's recommendation of a one-year suspension.

Initially, the record fully supports the findings that respondent failed to file retainer statements in these three matters. Further, despite respondent's attempts to blame others for the failure to timely prosecute these claims—an excuse more properly relevant to sanction—the record shows that respondent did not properly supervise the handling of these three matters. Beyond that, respondent conceded that the letter written to one of his clients should have confirmed that the statute of limitations had run on the state claim. Accordingly, the neglect charges were properly sustained.

With respect to the two misrepresentation charges, we agree with the Hearing Panel that those charges should not have been sustained. The record is devoid of any evidence contradicting respondent's claim that he orally communicated with his client that his state law claim was time-barred. While deference should be given to the Referee's findings of credibility (the Referee characterized that testimony as "improbable"), the Committee did not disprove respondent's testimony. Therefore, a finding of misrepresentation cannot be sustained. Similarly, there is no evidence in the record demonstrating that respondent knew at the time he was asked about the status of the family claim that Cooper had not filed the lawsuit and was not pursuing the family's claims. Absent such knowledge, there can be no finding that respondent purposely misrepresented the status of the case to the client. Accordingly, these two misrepresentation charges are dismissed.

With regard to the issue of an appropriate sanction, "[a] period of suspension is usually imposed on an attorney who has neglected a legal matter and has been previously disciplined" (*Matter of LeBow*, 285 AD2d 28, 33 [1st Dept 2001]). Respondent has been found guilty of four counts of neglect regarding three separate matters, has failed to file the requisite retainer statements in each of those matters and has a disciplinary history. Notwithstanding the evidence respondent presented in mitigation, including his reputation in the community, his cooperation with the Committee, his admission of misconduct, and the fact that he has reorganized his law practice, we find that the sustained charges, respondent's unwillingness to accept full responsibility for losing his clients' respective claims,

the questionable genuineness of his remorse, and his prior disciplinary history, when viewed together, warrant a one-year suspension (*see Matter of Kovitz*, 118 AD2d 285 [1st Dept 1986] [one-year suspension for sustained neglect of one matter and four prior admonitions]; *Matter of Forman*, 117 AD2d 71 [1st Dept 1986] [one-year suspension for neglect of five matters and two prior admonitions]; *Matter of Brade*, 100 AD2d 217 [1st Dept 1984] [one-year suspension for neglect of two matters after four prior admonitions]).

Accordingly, the petition should be granted to the extent of confirming the findings of fact and conclusions of law of the Referee and Hearing Panel by sustaining Charges One, Three, Four, Five, Seven, Eight and Nine, Charges Two, Six and Ten should be dismissed; the Hearing Panel's recommendation that this Court impose a five-month suspension should be disaffirmed, and respondent should be suspended for a period of one year, and until further order of this Court.

FRIEDMAN, J.P., MARLOW, NARDELLI, SWEENY and MALONE, JJ., concur.

Petitioner suspended from the practice of law in the State of New York for a period of one year, effective July 13, 2006, and until further order of this Court, as indicated.