[865 NYS2d 55]

In the Matter of JAMES J. HESS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 2008

#### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Angela Christmas* of counsel), for petitioner.

No appearance for respondent.

#### OPINION OF THE COURT

Per Curiam.

Respondent James J. Hess was admitted to the practice of law

in the State of New York by the First Judicial Department on October 21, 1991 and was admitted to the practice of law in the State of Connecticut in 1992. At all times relevant to this proceeding, he lived and practiced law in Connecticut.

The Departmental Disciplinary Committee (DDC) now seeks an order pursuant to 22 NYCRR 603.3, suspending respondent for a period of five years predicated upon similar discipline issued by the Connecticut Superior Court based upon misconduct which occurred in the State of Connecticut.

Following a hearing and review of a presentment filed by Connecticut's Office of the Chief Disciplinary Counsel against respondent in Connecticut Superior Court, it was determined by that court that respondent had engaged in misconduct violating a number of provisions of Connecticut's Rules of Professional Conduct, based upon his abandonment of a client who had retained him for a $1,500 fee to handle her marital dissolution action, by failing to appear in the matter or file an answer to the complaint, or to notify the client that he was moving out of state, or to account for the fee he received. This instance of misconduct was his fourth instance of discipline within five years. Consequently, the Connecticut Superior Court ordered respondent suspended from the practice of law for five years.

Although respondent failed to notify the Departmental Disciplinary Committee of his suspension as required by 22 NYCRR 603.3 (d), Connecticut's Disciplinary Counsel notified the DDC, which brought the instant proceeding seeking reciprocal discipline. Respondent was properly served with notice of this proceeding, but has submitted no response.

Pursuant to 22 NYCRR 603.3 (c), upon a showing of the imposition of a disciplinary sanction in a foreign jurisdiction, the only defenses that may be raised by the respondent are (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Hoffman*, 34 AD3d 1 [2006]). A review of the record establishes that respondent was afforded due process and that sufficient evidence established his misconduct. The conduct for which respondent was disciplined in Connecticut constitutes violations of parallel provisions in this state (*see* Code of Professional Responsibility DR 6-101 [a] [3]; DR 9-102 [c] [3]; DR 2-110 [a] [2]; DR 1-102 [a] [7] [22 NYCRR 1200.30, 1200.46, 1200.15, 1200.3]). The imposition of reciprocal discipline is therefore appropriate.

In deciding on the appropriate sanction in reciprocal discipline matters, it is generally accepted that the state where the misconduct occurred has the greatest interest in the sanction imposed (*see Matter of Milchman*, 37 AD3d 77 [2006]), and that great weight should be accorded to the sanction administered by the state where the charges were originally brought (*see Matter of Gentile*, 46 AD3d 53 [2007]; *Matter of Harris*, 37 AD3d 90 [2006]). The five-year suspension imposed by Connecticut does not deviate significantly from our precedent, in which we have suspended attorneys who have neglected client matters and have previously been disciplined (*see e.g. Matter of Aranda*, 32 AD3d 58 [2006]; *Matter of LeBow*, 285 AD2d 28 [2001]).

Accordingly, the petition should be granted and respondent suspended from the practice of law in the State of New York for a period of five years.

SAXE, J.P., NARDELLI, CATTERSON, McGUIRE and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law for a period of five years, effective the date hereof, and until further order of this Court.