OPINION OF THE COURT
Per Curiam.
Respondent Samuel B. Militello was admitted to the practice of law in the State of New York by the Second Judicial Department on July 31, 1985. At all times relevant to this proceeding, he has maintained a law practice within the First Judicial Department.
On April 2, 2009, the Departmental Disciplinary Committee filed formal charges against respondent alleging three violations of the Code of Professional Responsibility. Charges one and two alleged that respondent neglected a civil lawsuit by failing to advance it for nine years and by failing to communicate with his clients (D. White and his family) in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), and charge three alleged that he engaged in conduct adversely reflecting on his fitness as a lawyer in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). Respondent’s answer, dated May 19, 2009, admitted most of the factual allegations, admitted liability to the first two charges, and admitted liability, in part, to the third charge.
A Referee conducted a hearing on June 30, 2009 and by a report dated August 26, 2009, sustained all charges and recommended respondent be publicly censured on the condition that he agree: (a) not to take on any new or additional civil matters and confine his practice to criminal matters; and (b) report to the Committee on the status of the Whites’ case every 60 days and provide the Committee with copies of papers served on or filed by respondent in the case until the case was resolved or the Whites engaged new counsel. Otherwise, the Referee recommended a three-month suspension. By a report dated November 10, 2009, a Hearing Panel confirmed the Referee’s liability determination, but departed from the recommended sanction of censure and recommended a three-month suspension given “[Respondent’s neglect of two prior client matters, his neglect of the Whites’ case and his failure to comply with his repeated assurances to the Committee, justify a suspension.”
The Committee now seeks an order pursuant to 22 NYCRR 603.4 (d) confirming the Hearing Panel’s determination and its recommendation of a three-month suspension. Respondent, pro se, has not answered the petition.
Initially, the Hearing Panel’s findings of fact and conclusions of law should be confirmed as respondent admitted to the *366 misconduct and they are amply supported by the record, which includes respondent’s admissions and the parties’ stipulation. Respondent’s misconduct of neglect of a civil matter for approximately nine years and failure to follow through with his repeated assurances to the Committee, coupled with his disciplinary history involving neglect, via two letters of admonition, warrants a suspension, rather than private reprimand or censure, notwithstanding his mitigation evidence (see Matter of Johannes, 66 AD3d 39 [2009] [three-month suspension for neglect of two matters, failure to return an unearned fee and misuse of an attorney escrow account, and four prior admonitions for neglect]; Matter of Berkman, 32 AD3d 39 [2006] [nine-month suspension for neglect of one matter, inadequate preparation, misrepresentation of status of the case, and one admonition for neglect and deception of status of case]; Matter of Aranda, 32 AD3d 58 [2006] [one-year suspension for neglect of three matters, failure to file retainer agreements, questionable remorse and three prior admonitions]; Matter of Klee field, 22 AD3d 94 [2005] [three-month suspension for neglect of one matter, failure to refund unearned fee, and two admonitions (one covering two client matters) for neglect]; Matter of Teschner, 7 AD3d 46 [2004] [three-month suspension for neglect of two matters for a long period of time and two prior admonitions for neglect]).
As noted by the Referee, a finding of neglect may, under certain circumstances, result in a public censure even where coupled with a history of disciplinary misconduct (see Matter of Marrin, 207 AD2d 239 [1995]). Here, respondent’s evidence in mitigation, including his cooperation with the Committee, his admission of misconduct, the fact that he did not act with venal intent, his dedication to public service via a career in public criminal defense, is very impressive. Respondent, however, exhibited a long pattern of neglect, which continued even when confronted by the Committee, despite his assurances to the Committee, the first of which assurances resulted in the dismissal of the 2005 complaint. While respondent’s criminal defense work is admirable, it does not excuse his neglect of the White case, especially in light of the prior admonitions and unkept promises to the Committee.
Accordingly, the Committee’s petition is granted to the extent of confirming the Hearing Panel’s findings of fact and conclusions of law and suspending respondent from the practice of law for a period of three months.
*367 Gonzalez, EJ., Mazzarelli, Nardelli, Acosta and AbdusSalaam, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of three months, effective September 10, 2010 and until further order of this Court.