[997 NYS2d 72]

In the Matter of DAVID SEGAL, an Attorney, Respondent. DEPART-
MENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL
DEPARTMENT, Petitioner.

First Department, December 9, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Com-
mittee*, New York City (*Jun H. Lee* of counsel), for petitioner.

*Jerome Karp*, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent David Segal was admitted to the practice of law in the State of New York by the Second Judicial Department on June 26, 1974. At all times relevant to this proceeding, he maintained an office for the practice of law within the First Judicial Department.

This Court suspended respondent from the practice of law for two years effective July 19, 1993 for neglect of nine client matters and failure to return retainers paid by the affected clients (190 AD2d 295 [1st Dept 1993]). He was reinstated to practice effective February 27, 1997 (236 AD2d 342 [1st Dept 1997]). The Departmental Disciplinary Committee emphasizes that since his reinstatement to the practice of law in 1997, respondent has received two admonitions, the most recent in 2008 for neglect.

The Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2) confirming findings of fact and conclusions of law by the Hearing Panel and suspending respondent for no less than one year. The motion is based upon findings that respondent engaged in a pattern of misconduct with respect to six client matters and failed to timely answer disciplinary complaints filed by three other clients. The charges sustained by the Hearing Panel include neglect of four client matters, engaging in conduct adversely reflecting on his fitness as a lawyer, two instances of failure to communicate, as well as failure to appear at two case conferences, to comply with court orders and to timely file retainer statements. Respondent does not dispute these findings but requests that this Court disaffirm the Hearing Panel's recommended sanction of a one-year suspension and instead impose public censure combined with some form of probation, during which his progress in improving the management of practice would be subject to oversight. In the alternative, respondent requests that this Court limit any period of suspension to no greater than three months.

As respondent does not challenge the Hearing Panel's liability findings, which are supported by the record, the sole issue before us is the sanction to be imposed. Respondent variously argues that his misconduct does not warrant a suspension because (1) he is a sole practitioner representing clients with limited

financial resources in criminal and civil matters who would be disadvantaged by his suspension and their trials delayed; (2) his misconduct did not result from fraud or dishonesty but poor practice management, for which he has taken remedial action; (3) he is almost 70 years old, and a one-year suspension would effectively end his legal career; and (4) the Panel heavily relied on *Matter of Aranda* (32 AD3d 58 [1st Dept 2006]),* which is distinguishable for that attorney's "unwillingness to accept full responsibility for losing his clients' respective claims, [and] the questionable genuineness of his remorse" (*id.* at 64-65).

In support of his alternative request for a suspension of three months or less, respondent cites to cases involving neglect and prior discipline in which the sanction imposed by this Court was a brief suspension (*Matter of Sorote*, 110 AD3d 259 [1st Dept 2013] [three-month suspension for neglect of a single client matter]; *Matter of Kleefield*, 22 AD3d 94 [1st Dept 2005] [three-month suspension for, inter alia, neglect of an immigration matter imposed on attorney with two prior admonitions for neglecting three client matters]). Respondent notes that in *Matter of Sorote*, the attorney's disciplinary history included a three-year suspension imposed some 20 years earlier due to his neglect of six matters and his failure to cooperate with the Committee. The mitigating circumstances in that matter included law office reforms, the attorney's recovery from alcoholism, his remorse and acceptance of full responsibility for the misconduct (*see Matter of Sorote*, 196 AD2d 339 [1st Dept 1994]).

In reply, the Committee, while acknowledging respondent's age, asserts that this Court has not hesitated to impose suspension on an elderly attorney with a disciplinary history, as in *Matter of Kleefield*. Further, respondent's argument that a suspension would adversely affect his clients and the courts is uncompelling given the adverse effect of his failures to appear at court-ordered conferences and to comply with court orders on both his clients and the judicial system generally.

This Court has imposed suspensions ranging from three months to one year on attorneys with prior disciplinary histories who were found to have neglected client matters (*see e.g. Matter of Militello*, 76 AD3d 364 [1st Dept 2010] [three-month suspension for neglect of a civil action over a nine-year period, two prior admonitions]; *Matter of Johannes*, 66 AD3d 39 [1st Dept

---

* In *Aranda*, this Court suspended an attorney, whose disciplinary history consisted of three admonitions over a seven-year period, for one year due to his failure to file retainer statements and his neglect of three client matters.

2009] [three-month suspension for neglect of two matters, failure to return an unearned fee, and nonvenal misuse of an escrow account, four prior admonitions for neglect]; *Matter of Aranda*, 32 AD3d at 58 [one-year suspension for misconduct including neglect of three client matters and failure to file retainer statements, three prior admonitions]; *Matter of Berkman*, 32 AD3d 39 [1st Dept 2006] [nine-month suspension for neglect, inadequate preparation, and misrepresentation to client, prior admonition for similar misconduct]; *Matter of Kovitz*, 118 AD2d 285 [1st Dept 1986] [one-year suspension for neglect of one matter, four prior admonitions for his handling of six matters, four of which were neglected]; *Matter of Forman*, 117 AD2d 71 [1st Dept 1986] [one-year suspension for neglect of five matters and two prior admonitions, one for neglect and the other for failing to file a retainer statement]). Respondent's age notwithstanding, his significant disciplinary history and the seriousness of his latest misconduct, which includes further neglect of four client matters as well as failure to timely file retainer statements and answer three disciplinary complaints, warrants imposition of the recommended sanction of a one-year suspension.

Accordingly, the Committee's petition should be granted, the Hearing Panel's determination of liability confirmed, and respondent suspended from the practice of law for a period of one year, effective 30 days from the date hereof, and until further order of this Court.

TOM, J.P., MANZANET-DANIELS, FEINMAN, GISCHE and KAPNICK, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of one year, effective 30 days from the date hereof, and until further order of this Court.