Matter of Milara (2021 NY Slip Op 01722)





Matter of Milara


2021 NY Slip Op 01722


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Cynthia S. Kern
Jeffrey K. Oing
Manuel J. Mendez
Martin Shulman, JJ.


Motion No. 2021-00137 Case No. 2021-00179 

[*1]In the Matter of Diego Milara, A Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Diego Milara (OCA Atty. Reg. No. 2565018.), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 26, 1993.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Lopez, of counsel), for petitioner.
Respondent pro se.



Per Curiam 


Respondent Diego Milara was admitted to the practice of law in the State of New York by the First Judicial Department on July 26, 1993. His last registered address is in New Jersey where he is admitted to practice.
The Attorney Grievance Committee (Committee) seeks an order, pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why he should not be disciplined in New York based on his discipline in New Jersey, imposing no less than a one-year suspension or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent has not submitted a response to the Committee's motion.
In June 2017, a New Jersey District Ethics Committee (DEC) served respondent with an amended complaint charging him with violations of the New Jersey Rules of Professional Conduct (NJ RPC). These charges included violating NJ RPC 1.1(a), 1.3, 1.4(b), 1.16(d) and 8.1(b) in connection with two matters in which respondent accepted fees from his clients, failed to perform any work pursuant to their retainer agreements and ceased communication with them. Specifically, DEC alleged that, in one matter, respondent accepted a $1,600 flat fee from a client to file a bankruptcy petition, did not file a petition and misrepresented to his client that he had done so. As a result, respondent's client had to obtain new counsel for an additional fee to file the petition. In the other matter, respondent accepted an initial $1,000 fee from his clients to negotiate a mortgage modification on their behalf, failed to do so and ceased communication with them. As a result, their home fell into foreclosure.
In 2018, the New Jersey Office of Attorney Ethics (OAE) served respondent with a second complaint charging him with violations of NJ RPC 1.3, 1.4(b), 8.1(b), 8.4(c) and 8.4(d) in connection with a separate matter. In that case, respondent's clients retained him to represent them in a bankruptcy matter. Shortly after filing a Chapter 7 bankruptcy petition on his clients' behalf, respondent ceased communication with them and failed to disclose that the bankruptcy trustee had filed a complaint against them objecting to the debtors' discharge and seeking to void alleged fraudulent transfers. Respondent took no action to defend his clients, resulting in the entry of a default judgment against them.
Respondent failed to answer either complaint, the charges against him were deemed admitted and the entire record was certified to the Disciplinary Review Board (DRB) for the imposition of discipline. The DRB consolidated the two matters for disposition, found that respondent had been properly served but failed to answer, concluded that his conduct violated the NJ RPC and recommended a [*2]one-year suspension. Thereafter, by order entered May 1, 2019, the New Jersey Supreme Court suspended respondent from the practice of law for one year, effective immediately.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York. As respondent has not submitted a response, he has not raised any of the aforementioned defenses.
In any event, none of the defenses under 22 NYCRR 1240.13 apply to this matter. Respondent received notice of the charges brought against him but defaulted in the New Jersey disciplinary proceeding. In addition, the misconduct findings made by the New Jersey Supreme Court are sufficiently supported by the record. Further, the misconduct for which respondent was disciplined in New Jersey would constitute misconduct in New York in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.1(a), 1.3(a), 1.3(b), 1.4(a)(1)(iii), 1.4(a)(3), 1.4(a)(4), 1.16(e), 8.4(c), 8.4(d) and 8.4(h).
Turning now to the appropriate sanction to be imposed, as a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]). A one-year suspension is the appropriate sanction here as it is commensurate with the discipline imposed by New Jersey and in accord with this Court's precedent involving similar misconduct (see Matter of Bratter, 178 AD3d 22 [1st Dept 2019]; Matter of Suarez-Silverio, 134 AD3d 47 [1st Dept 2015]; Matter of Segal, 123 AD3d 260 [1st Dept 2014]).
Accordingly, the Committee's motion should be granted and respondent is suspended from the practice of law for a period of one year, effective immediately, until further order of this Court, with his current suspension for failure to meet his registration obligations to remain extant.
All concur.
It is Ordered that the motion of the Attorney Grievance Committee for the First Judicial Department is granted to the extent of imposing reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, and respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court, with his current suspension for failure to meet his registration obligations to remain extant, and
It is further Ordered that pursuant to Judiciary Law §?90, the respondent is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor[*3]-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further ordered that respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), a copy of which is made a part hereof, and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).
Entered. March 23, 2021