[951 NYS2d 673]

In the Matter of SAUL A. BERKMAN (Admitted as SAUL ARTHUR BERKMAN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 9, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan*, of counsel), for petitioner.

*Saul A. Berkman*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Saul A. Berkman was admitted to the practice of law in the State of New York by the First Judicial Department on April 1, 1968 as Saul Arthur Berkman. At all times relevant to this motion, he has practiced law within the First Judicial Department.

By order entered June 8, 2006, effective July 10, 2006, this Court confirmed findings of professional misconduct and suspended respondent from the practice of law for a period of nine months (*Matter of Berkman*, 32 AD3d 39 [1st Dept 2006]). By order of this Court entered August 24, 2006 (2006 NY Slip Op 74357[U]), this Court stayed the effective date of his suspension nunc pro tunc until September 5, 2006. Our discipline arose from respondent's neglect and inadequate preparation of a legal matter, and his persistent misrepresentations to his client about the status of her case. We also considered a prior admonition for similar misconduct.

The Departmental Disciplinary Committee now moves, pursuant to 22 NYCRR 603.11, for an order accepting respondent's resignation from the practice of law and to strike his name from the roll of attorneys. Respondent's affidavit of resignation, sworn to on June 15, 2012, states that (1) his resignation is submitted freely, voluntarily and without coercion or duress, and that he is fully aware of the implications of submitting his resignation, (2) he is aware that the Committee has opened an investigation into his professional misconduct based on letters dated January 20, 2012* and February 29, 2012, alleging that he practiced law while under suspension in violation of Judiciary Law §§ 90 (2) and 486, and (3) if charges were brought predicated upon the misconduct under investigation, or a motion seeking disbarment were made for practicing while under suspension, he would be unable to successfully defend himself on the merits against such charges or such motion (*see* 22 NYCRR 603.11 [a] [1]-[3]). Respondent states further that he is delinquent in his attorney registration for the biennial periods 2008/2009-2010/2011. Because his affidavit complies with section 603.11, the Committee's motion should be granted.

---

* Respondent's affidavit of resignation states "January 20, 2010", however, it is believed that this is a typographical error and the correct year is 2012.

Accordingly, respondent's resignation from the practice of law should be accepted, and his name stricken from the roll of attorneys, effective nunc pro tunc to June 15, 2012.

GONZALEZ, P.J., MAZZARELLI, ANDRIAS, SWEENY and ACOSTA, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to June 15, 2012.