Matter of Alpert (2022 NY Slip Op 03449)





Matter of Alpert


2022 NY Slip Op 03449


Decided on May 26, 2022


Appellate Division, First Department


Per Curiam 



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
David Friedman
Peter H. Moulton
Saliann Scarpulla
Bahaati E. Pitt, JJ.


Motion No. 2022-01013 Case No. 2021-03940 

[*1]In the Matter of Sara Alpert, (admitted as Sara Olivia Alpert) an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Sara Alpert, (OCA Atty. Reg. No. 5623749) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Sara Olivia Alpert, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on August 22, 2018.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Vitaly Lipkansky, Esq., of counsel), for petitioner.
Michael S. Ross, for respondent.



Per Curiam 


Respondent Sara Alpert was admitted to the practice of law in the State of New York by the Second Judicial Department on August 22, 2018, under the name Sara Olivia Alpert. At all relevant times, respondent was employed by a law firm located within the First Judicial Department.
In 2021, the Attorney Grievance Committee (Committee) filed a notice of petition and petition of charges pursuant to Judiciary Law § 90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8, seeking an order directing that respondent be disciplined for her intentionally dishonest conduct in seeking to conceal her failure to file H-1B visa applications in violation of several Rules of Professional Misconduct (RPC) (22 NYCRR 1200.0).
The Committee and respondent jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent and request the imposition of a six-month suspension. In support, the parties submit a joint affirmation that includes, inter alia, a stipulation of facts and factors in aggravation and mitigation, and respondent's affidavit in which she conditionally admits to the facts as set forth in the stipulation and conditionally admits that she violated RPC rules 1.3(a), and 8.4(c) and (h), as set forth in the joint affirmation (22 NYCRR 1240.8(a)(5)(i) and (iii)). Further, respondent consents to the agreed-upon discipline, which consent is given freely and voluntarily without coercion or duress, and she attests that she is fully aware of the consequences of consenting to such discipline.
Respondent joined a law firm (Firm) following law school, handling business-related immigration matters, including H-1B visas (employment-based visas for foreign workers) and updating client immigration filings. Beginning in or about 2019, a Firm client merged with another company, necessitating the client's employees holding H-1B visas to amend their employer's name.
The following facts are taken from the parties' joint affirmation: In April 2019, respondent was assigned to assist a senior associate to make the necessary changes to 30 such matters. However, after that associate's departure from the Firm, she became responsible for the outstanding matters although respondent did not immediately realize that she had inherited that responsibility.
On June 20, 2019, one of the H-1B beneficiaries discovered that his application had not been filed and reported the discovery to a senior associate. The senior associate asked respondent about the application. Respondent then falsely updated the Firm's internal database to reflect that she had filed the application three days earlier on June 17 using the USCIS expedited filing program, which typically resolves the filed matter in two weeks. However, respondent was unable to upload the required backup information as to proof of filing of the matter. Due to this missing information, in the days and weeks that followed[*2], the senior associate repeatedly asked respondent to upload the backup information.
In response, respondent continued to falsely assure the senior associate that she would upload the documents. The parties stipulated that "[t]he purpose of these false assurances was to stall [the senior associate] so as to give respondent time to actually finish the work and file [the] application." Specifically, respondent falsely stated that the filing fee checks for the application had been cashed and that a FedEx tracking confirmed receipt by USCIS. Based on these responses, the senior associate advised a liaison with the Firm that the H-1B application had been fully filed. Respondent then uploaded to the Firm's internal database a faked FedEx receipt purportedly showing that she had filed the case, and an email addressed to her own Firm email account with an attachment that she falsely claimed was the submitted application.
During her December 22, 2020 examination under oath before the Committee, respondent testified that she had created the fake FedEx receipt by altering one from another case, and that the application that she had uploaded to the Firm's database was the one that she eventually did file on behalf of the client. She explained that to make it appear as though she had filed the application, she backdated it to June 17, 2019 and signed the liaison's name on the application and letter in support without permission or authority to do so.[FN1] To further the illusion that she had filed the application, respondent created a false email (which she claimed to have sent to USCIS checking on the matter) and forwarded it to the senior associate along with the fake FedEx receipt.
On July 18, 2019, respondent falsely advised the senior associate that the USCIS had initially lost the application but recently retrieved it, and sent him an email purporting to forward an official USCIS notification of receipt of the application. The next day, respondent sent the senior associate another email, this time with a USCIS receipt, to convince him of her false representation that she had filed the application back in June 2019.
On July 19, 2019, having become suspicious of respondent's veracity, the senior associate began looking into the matter. When he discovered the various alterations made by respondent, he notified other members of the Firm. On July 22, 2019, when respondent was confronted about her apparent deceptions and accused of lying about filing the application, she denied any wrongdoing and continued to falsely claim that she had filed the application on June 17, 2019. She resigned from the Firm the same day.
Following respondent's departure, the Firm discovered eight other unsent H-1B visa applications. Respondent had falsely represented to the Firm that she had sent these eight applications to USCIS and evidently signed the liaison's name on them without permission or authority to do so. Respondent had also signed without permission or authority the [*3]liaison's name on another application from the client, which she filed with USCIS.
As set forth in respondent's affidavit that accompanies the motion, she conditionally admits the facts set forth above and that those facts establish violations of the RPC as contained in the Committee's charges. With respect to charges one through three, respondent admits that she engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of rule 8.4(c) by dishonestly seeking to conceal that she had not filed the H-1B application, falsely representing to the Firm that she had sent the additional eight H-1B applications to the USCIS and signing the liaison's name thereon without permission or authority, and by signing the liaison's name on the H-1B application.
With respect to charge four, respondent admits that by failing to expeditiously file all the H-1B applications referenced above in accordance with the expectations of the Firm, the affected applicants and the client, respondent failed to act with reasonable diligence and promptness in representing a client in violation of rule 1.3(a). With respect to charge five, respondent admits that by engaging in the above-described misconduct, she engaged in conduct that adversely reflects on her fitness as a lawyer in violation of rule 8.4(h).
In mitigation, the parties cite to respondent's cooperation with the Committee; the fact that she had been admitted to the Bar for less than one year at the time of her misconduct and that her youth and inexperience played a role in the poor judgment that she exercised in concealing her failure to file the H-1B application instead of telling her supervisors the truth; that she has never been disciplined or been the subject of an attorney grievance outside of this matter; she has expressed remorse for her actions and has submitted five character letters reflecting the letter writers' views as to respondent's remorse and her otherwise excellent reputation for honesty and integrity; and, although there was some delay in the processing of the H-1B matters due to her lack of diligence and dishonesty, no client suffered harm because of respondent's misconduct. Also, respondent suffers from a serious congenital medical condition that made having health insurance indispensable to respondent. Her extreme fear of being fired from the Firm upon her realization that she had not filed the H-1B papers in the time period expected, which would result in her losing her health insurance, caused her to make the wrongful decision to lie in the manner described above.
As of December 2020, respondent stopped practicing law. Since April 2021, respondent has held a nonlegal position in South Carolina where she now resides.
The parties attest that a six-month suspension would be appropriate in this matter where respondent's misconduct essentially consisted of her lack of diligence in completing the H-1B visa cases assigned to her and, in her efforts to conceal her nonfeasance[*4], she engaged in various acts of deception. This Court's precedent in disciplining attorneys who have failed to perform work in client matters and engaged in deception to conceal that failure has ranged from public censure to significant suspensions, depending on the magnitude of the misconduct and the factors in mitigation and aggravation (e.g. Matter of Mauser, 184 AD3d 223 [1st Dept 2020]; Matter of Alperin, 66 AD3d 309 [1st Dept 2009]).
The parties believe that Matter of Rosenkrantz (305 AD2d 13 [1st Dept 2003]), where this Court imposed a six-month suspension, is closer in line to the matter herein. In Rosenkrantz, the attorney was a seasoned sole practitioner who neglected nine legal matters some for years (one matter for about 10 years) and misrepresented the status of their case to two clients. His misconduct also included failure to pay two judgments and failure to enter into written retainer agreements in domestic relations matters, and he was previously admonished for improperly threatening criminal prosecution to gain an advantage in a civil matter. In mitigation, this Court considered his extended struggle with depression, an unwanted divorce and financial struggles, remorse and admission of misconduct, and lack of venal intent.
The parties note that, similar to Rosencrantz, respondent provided evidence of serious medical mitigation, admitted her misconduct, and had no venal intent. Unlike the attorney in Rosenkrantz, respondent was young and inexperienced at the time of misconduct, had no prior discipline, and, although engaged in more acts of dishonesty, her failure to perform her work lasted one month compared to some of Rosencrantz's neglect, which lasted years. Such circumstances support a six-month suspension (see e.g. Matter of Mui, 198 AD3d 91 [1st Dept 2021]; Matter of Weisel, 108 AD3d 39 [1st Dept 2013]; Matter of Berkman, 32 AD3d 39 [1st Dept 2006]). The parties further note that respondent has not practiced law since December 2020.
While respondent's lack of diligence and deception involving the H-1B visa applications is troubling, her misconduct was relatively short lived (one month); as a junior associate, she inherited the responsibility of the 30 filings once a senior associate left the firm; she took full responsibility for her misconduct, expressed remorse, and her compelling character evidence describes her misconduct as aberrational. Additionally, her life-long medical condition and "extreme fear" of being fired and losing necessary health insurance "caused her to make the wrongful decision to lie to [the Firm]."
In light of the foregoing, a six-month suspension is appropriate for respondent's admitted misconduct. Accordingly, the motion for discipline by consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted and respondent is suspended from the practice of law for a period of six months and until further order of the Court. The petition of charges is denied as moot.
All concur.
IT IS ORDERED that the parties' [*5]joint motion for discipline by consent pursuant to 22 NYCRR 1240.8 (a) (5) is granted and respondent Sara Alpert, admitted as Sara Olivia Alpert, is suspended from the practice of law in the State of New York for a period of six months, commencing June 27, 2022, and until further order of this Court, and
IT IS FURTHER ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, respondent, Sara Alpert, admitted as Sara Olivia Alpert, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and
IT IS FURTHER ORDERED that respondent Sara Alpert, admitted as Sara Olivia Alpert, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
IT IS FURTHER ORDERED that if the respondent Sara Alpert, admitted as Sara Olivia Alpert, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and
IT IS FURTHER ORDERED that the petition of charges is denied as moot.
Entered: May 26, 2022



Footnotes

Footnote 1: The application contained a jurat-like statement whereby the signatory confirmed that the statements therein were "true and correct."